ROBERT MITCHELL, *vs.* JOSEPH CHAIRES, EXECUTOR, &c.

WHERE the plaintiff in an action of Assumpsit, filed a replication to one of several pleas of defendant, and, afterwards, by leave, filed an amended replication, to which the defendant demurred, and the Court sustained the demurrer ; and where, on motion of the *plaintiff*, the judgment on the demurrer was set aside, and the plaintiff permitted to have a trial of the issue made by the *original* replication, as well as of the other issues in the cause. Held :

That the plaintiff cannot now be heard to complain that the demurrer to said amended replication remains undisposed of, or to insist upon any matter in relation to it as error, the judgment upon it having been set aside at his instance, to enable him to submit the matters of fact in his case to a jury, and he having pleaded over for that purpose.

If he intended to rely upon this objection, he should have permitted the judgment to stand, and assigned it as error.

And although error should appear upon the record, yet if, in distinct pleadings, a complete bar is shown to the action, the judgment for defendant must be affirmed.

Where there are several issues, requiring proof on the part of the plaintiff to sustain them, and a verdict upon them was rendered for defendant, and there is no bill of exception, to show on what grounds it was rendered, the Court will presume the verdict to be right, and will sustain the judgment entered upon it.

This case was tried below in the Leon Circuit Court, before Judge BALTZELL, and comes up by Writ of Error. A statement of the case will be found in the opinion of the Court.

Robert Mitchell, *vs.* Joseph Chaires, Executor, &c.

*Hagner,* for Plaintiff in Error.

*Long,* for Defendant.

DOUGLAS, Chief Justice :

This case was brought up by writ of error from the Leon Circuit Court. It is an action of assumpsit instituted by the plaintiff against the defendant as executor of the last will and testament of Benjamin Chaires deceased, to recover the amount of two promissory notes ; one for the sum of $1998 64 1-4 dated February 8th, 1838, payable on the first day of January, 1839, and the other for a like sum bearing the same date and payable on the first day of January, 1840, both made by one Jesse H. Willis, payable to the order of the said Benjamin Chaires at the Union Bank of Florida and endorsed by him. The declaration contains a count upon each note, counts for work and labor, goods sold and delivered, and the common money counts.

To this declaration the defendant puts in five pleas :

*First.* That neither he nor the testator undertook or promised in manner and form, &c.

*Second.* That said Benjamin Chaires in his life time did not undertake or promise in manner and form, &c.

The *third* plea denies demand upon or notice to the defendant as alleged in the first and second counts of plaintiff's declaration.

The *fourth* sets up the statute of limitations of five years as a bar, &c., " *non actio accrevit.*"

The fifth is in the following words to wit : "And for further plea in this behalf the said defendant by leave &c. says said plaintiff *actio non, &c.,* because he says that after his appointment and qualification as executor of the last will and testament of said testator by advertisement dated the 20th day of October, in the year 1839, which he caused to be published that day, and once a week for the space of four weeks in a newspaper printed in Tallahassee, Leon County, Florida, giving notice to all creditors, legatees and persons entitled to distribution of said estate that their claims and demands would be barred unless exhibited within two years ; and said defendant avers that said several claims and demands in said plaintiff's declaration mentioned, or either, or any of them, were not

exhibited to him within said period and this he is ready to verify, wherefore he prays judgment," &c.

To the first, second and third pleas, the plaintiff joined issue and to the fourth and fifth filed replications as follows, to wit:

" And as to the said plea of the said defendant by him fourthly above pleaded the said plaintiff says he ought not to be barred or precluded from having, &c. Because he says that the said several causes of action in the said declaration mentioned, did accrue to the said plaintiff within five years next before the commencement of this suit and this he prays may be enquired of by the country, &c.

"And as to the said plea of the said defendant by him fifthly above pleaded the said plaintiff says that said plaintiff ought not to be barred from having and maintaining his aforesaid action, &c. Because he says that the said several claims and demands in said declaration mentioned were exhibited to him the said defendant within two years from the publication in said plea mentioned, and this he prays may be enquired of by the country."

After the filing of these replications the plaintiff obtained leave to amend his replication to the said fourth plea, and filed an amended replication as follows, viz:

"And the said plaintiff saith that the said defendant ought not to be admitted or received to plead the said plea by him fourthly above pleaded wherein he alleges that said several causes of action in plaintiff's declaration mentioned did not accrue to said plaintiff within five years next before the commencement of this suit. Because he says that the said several causes of action in the plaintiff's declaration mentioned accrued to the said plaintiff after the death of defendant's testator, and that after the same so accrued the same were duly presented to the said defendant, executor of the last will and testament of Benjamin Chaires deceased, as demands of said plaintiff against the said estate of the said testator within the period of two years after the grant of the letters testamentary to said defendant, executor as aforesaid, to wit, at the County aforesaid according to the statute in such case made and provided and this he is ready to verify, wherefore he prays judgment if the defendant ought to be admitted or received against the said presentment and demand aforesaid to plead the plea by him fourthly above pleaded in this suit as aforesaid."

To this last replication, the defendant, by his attorneys, demur-

red, and their demurrer was sustained. The following entries in regard to it appear on the record, to wit :

" This day came the parties by their attorneys, and thereupon the matters of law arising upon the defendant's demurrer to the plaintiff's replication to the plea of the said defendant, by him fourthly above pleaded, being argued, it seems to the Court that the said replication, and the matters therein contained, are not sufficient in law to maintain the action aforesaid. Therefore, it is considered by the Court, that the said demurrer be sustained, and that the plaintiff take nothing by his bill, but for his false clamor be in mercy," &c.

Twelve days after which, the following entry appears : " This day came the parties by their attorneys, and thereupon, on motion of the plaintiff, by his attorneys, the judgment herein entered on the 17th day of June instant is set aside, and thereupon came a jury, to wit : Edward Houston, &c., (naming the other eleven jurors,) who, being elected, tried, and sworn the truth to speak upon the issue joined, and having fully heard the evidence, upon their oath do say : ' We the jury find for the defendant.' Therefore, it is considered by the Court, that the plaintiff take nothing by his bill, but for his false clamor be in mercy," &c.

The only point insisted upon as error is, " That the Court erred in refusing to sustain the replication of *estoppel* to the bar of limitations of five years."

We are by no means prepared to say, that the Court erred in sustaining the demurrer to this replication. But whether it did so or not, is wholly immaterial to this inquiry, for the judgment rendered upon it was set aside on the plaintiff's own motion, and for his benefit.

The plaintiff's counsel alleges that he understood at the time that the order of the Court, setting aside the judgment on the demurrer, was intended merely to change that judgment from a final one to a judgment of " *respondeas ouster,*" and so he treated it ; for it appears by the record, that he refiled his original replication to the defendant's fourth plea, (after this judgment,) which he had abandoned, by putting in his amended replication. The effect of all which seems to be, that the defendant waived his demurrer to the amended replication to the fourth, and that the plaintiff abandoned his amended replication, fell back upon the original one, and that the case was submitted to the jury upon the issues joined upon the

*first, second,* and *third* pleas, and the replication to the *fourth* plea, (as originally filed,) and to the *fifth* plea.

And the plaintiff cannot now be heard to complain that the demurrer to said amended replication remains undisposed of, or to insist upon any matter in relation to it as error, the judgment upon it having been set aside at his instance, to enable him to submit the matters of fact in his case to a jury, and he having pleaded over for that purpose. If he intended to rely upon this objection, he should have permitted the judgment to stand, and assigned it as error here. In the case of Davis *vs.* Dickson, 2 Stewart's Reports, 370, it was holden, " that where a plea in abatement to a writ and declaration is overruled on demurrer, the party cannot insist on the same matter in arrest of judgment, if he pleads over." If, after the refusal of a Court to reject a plea, the plaintiff reply or join issue on the plea, the refusal to reject the plea cannot be assigned for error. 7 Blackford, 355.

There were five distinct issues of fact submitted to the jury in this case—a verdict upon them for the defendant, and a judgment upon that verdict. None of the testimony is before the Court, no bill of exceptions is to be found in the record, and it is to be presumed that the plaintiff failed in his proofs. No motion appears to have been made for a new trial—from which it may be fairly inferred that the plaintiff himself was satisfied that his testimony did not sustain his issues.

In the case of the United States *vs.* Carlton, 1 Gallison Reports, 400, the Court held, that " although error appear upon the record, yet if, in distinct pleadings, a complete bar is shown to the action, the judgment for the defendant must be affirmed." Here no error appears, certainly none of which the plaintiff has any right to complain. The pleas present a complete bar to the action unless met by proof, and there is nothing to show what proofs, if any, were offered.

In the case of Blaney *vs.* Findley, *et al.*, 2 Blackford's Reports, 338, the Court said, " There is no bill of exceptions to show us on what grounds the court decided, but as the presumption of law is in favor of the decision, if there were any facts that could have been legally before the Court that would authorize their judgment, we are bound to sustain it." The reverse of this here holds good, as there were several distinct issues that required proof on the part of the plaintiff to sustain them, and a verdict was rendered for the defendant

upon them, and there is no bill of exceptions to show us on what grounds it was rendered. We are bound to presume that the verdict is right, and to sustain the judgment entered upon it.

The judgment is, therefore, in all things affirmed.