WILLIAM JUDGE, PLAINTIFF IN ERROR, vs. JOHN S. MOORE, DEFENDANT IN ERROR.

1. When demurrer to plea is sustained, with leave to defendant to plead over and he does plead over, he cannot assign the sustaining of the demurrer as error.
2. It is the duty of parties before they go into trial to see that the pleadings are made up, and when they go willingly before the jury, they must, unless the contrary plainly appears, be considered as having waived all demurrer sundisposed of, and all pleas, replications, &c., on which the issues are not joined.
3. It is not error for the Court to refuse an instruction not applicable to the issue joined or the evidence in the case.
4. It is not error to refuse a new trial for the purpose of enabling a party to procure testimony to impeach a witness.

This case was decided at Marianna.

Appeal from Santa Rosa Circuit Court.

On the 26th Sept. 1855, Moore brought an action of assumpsit against Judge on a promissory note, of which the following is a copy, viz:

On or before the first day of January next, I promise to pay John S. Moore, or bearer, three hundred dollars, value received. January 23, 1854.

WM. JUDGE.

Defendant pleaded, first, failure of consideration, in this, that the said promissory note was given for the hire of two negroes, named Henry and Randall, for the year 1853, and

that by the act and conduct of the plaintiff, he, the defendant, was deprived of the work and labor of the slave named Randall, for about ten months of that year, the plaintiff retaining the possession for that time. Second, partial failure of consideration on the same ground. Third, payment in full of the note sued on. Fourth, as follows, viz:

"The said defendant, by Jordan and Chain, his attorneys, comes and defends the wrong and injury, when, &c., and says that the plaintiff ought not to have or maintain his aforesaid action against him, because he says the said plaintiff on the      day of      A. D. 1853, contracted with said defendant, as follows, to-wit : that he, the said plaintiff, would let the said defendant have the possession of and work and labor of two certain negro men slaves, one by the name of Henry and the other by the name of Randall, the property of said plaintiff, for the term of twelve months from and after the date aforesaid, and for the price of three hundred dollars, payable on the first day of January next, ensuing the date aforesaid, and take the note of said defendant for the amount aforesaid, and in consideration thereof the said defendant executed and delivered to the said plaintiff the said promissory note, mentioned and described in the declaration of said plaintiff, for the possession of and the work and labor of the said negro men slaves ; and the said defendant avers that the said plaintiff violated and rescinded said contract, by taking back the possession of and receiving the work and labor of the said man slave, Randall, for and during the time which he the said plaintiff had agreed to hire said slave to said defendant, except about two months of the time, thereby rescinding and making null and void said contract for which said promissory note set out and particularly mentioned in the said declaration of the said plaintiff was given, and this he is ready to verify—therefore he prays judgment whether the said plaintiff ought to have or maintain his aforesaid action against him."

The plaintiff demurred to the first and second pleas and joined issue on the third and fourth.

The demurrer being sustained, leave was granted to plead over, whereupon the defendant pleaded—first, that the slave Randall, for the hire of whom, with a slave named Henry, the note sued on was given, ran away after being in defendant's possession two months, and went back to the plaintiff, who retained him in his service for the balance of the year, without the consent or procurement of defendant.

Second, partial failure of consideration on the same ground.

Third, That on the first day of January, eighteen hundred and fifty-five, he paid to the plaintiff one hundred and fifty dollars, which was to have been credited on said note.

Fourth, set-off.

On the 6th December, 1858, the plaintiff filed his demurrer to the first amended plea, and replied to the second that defendant had impleaded the plaintiff in the Circuit Court of the State of Alabama, for the identical keeping of the slave Randall, in the said second plea specified, and recovered a judgment against the plaintiff for the sum of one hundred and forty dollars and fifty cents. To this replication defendant demurred. The record does not disclose that these demurrers were disposed of, nor that there was any reply to the third and fourth amended pleas.

On the 23d December, 1858, a trial was had and the jury having returned a verdict for $371 62, judgment was entered thereon.

A motion was afterwards made for a new trial on the following grounds:

1. That the verdict does not respond to all the issues joined.

2. That the verdict is contrary to law.

3. That the verdict is contrary to evidence.

4. That it is contrary to the weight of evidence.

5. Upon the ground of surprise as to the testimony of Bass.

6. Upon the ground of newly discovered evidence.

7. That the verdict was contrary to the charge of the Court.

The motion for a new trial was refused.

[The copy of the record furnished the reporter contains no bill of exceptions giving a history of the trial of the case, the evidence offered, the charge of the Court to the jury and the grounds on which the motion for a new trial was overruled.]

*Jordan & Chain, Yonge, McClellan & Barnes* for plaintiff in error.

*James M. Landrum* for defendant in error.

WALKER, J., delivered the opinion of the Court.

This was an action of assumpsit brought in the Circuit Court for Santa Rosa county, on 26th Sept. 1855, on a promissory note, dated January 23, 1854, of which the following is a copy:

"On or before the first day of January next, I promise to pay John S. Moore or bearer, three hundred dollars, value received.

[Signed.]                                    WM. JUDGE."

Defendant pleaded, *first,* that said note was given for the hire of two negro slaves, named Henry and Randall, for the year 1853, and that the consideration thereof had entirely failed by reason of the plaintiff having deprived the defendant of the services of one of said slaves for about ten months of said year.

*Secondly,* a partial failure of consideration; *thirdly,* payment; *fourthly,* that plaintiff nullified and rescinded said

contract of hiring by taking Randall back and keeping him for ten months of said year.

Plaintiff demurred to the first and second pleas and joined issue on the third and fourth. On June 11th, 1858, the demurrer was sustained and leave given to plead over. Afterwards, but when we do not know, as the dates are not given in the record, the defendant pleaded over by filing the following amended pleas, viz: *First*, that the slave Randall ran away and went back to the plaintiff, who retained him in his service for all said year, except two months, without the consent or procurement of defendant. *Second*, that the consideration partially failed by reason of the facts aforesaid. *Third*, that on January 1, 1855, defendant paid plaintiff one hundred and fifty dollars on said note. *Fourth*, set-off.

On Dec. 6th, 1858, plaintiff demurred to the *first* amended plea and replied to the *second* amended plea that defendant had sued him in Alabama for taking Randall back and keeping him, and had recovered therefor $148 50.

To this replication the defendant demurred. There was no judgment of the Court on this demurrer, nor on the demurrer to the first amended plea; nor was there any replication or demurrer filed to *third* and *fourth* amended pleas.

In this condition of the pleadings, the parties went to trial, and on Dec. 23, 1858, the jury gave a verdict to plaintiff for $371 62, and judgment was entered accordingly. On Dec. 31, 1858, a new trial was asked for and refused. Defendant then filed a bill of exceptions and brought the case to this Court by writ of error.

The *first* error assigned is waived by the written endorsement of defendant's counsel and therefore we will not notice it.

The *second* error assigned is that the Court erred in sustaining the demurrer to the first and second pleas first

33

pleaded and granting leave to plead over. If the defend-
ant had excepted to this ruling of the Court and refused to
plead over, he might now assign it as error, but having
availed himself of the leave granted of pleading over, he
thereby waived his right of making said assignment. Mitch-
ell vs. Chaires, 2 Fla., 18 ; Mitchel vs. Cotten, 2 Fla., 138 ;
Ellison Adm. vs. Allen, 8 Fla., 206.

The *third* error assigned is, that " the Court erred in hav-
ing the jury sworn and rendering final judgment against
defendant while demurrer to the first amended plea and the
demurrer to the replication to the second amended plea
remained open and undisposed of." We think this error is
not well assigned. It was the duty of the parties before
they went into the trial to see that the pleadings were made
up. To hold this as error would be to allow the defendant to
take advantage of his own negligence. When the parties
went willingly before the jury, they must be considered,
unless the contrary plainly appears, as having waived all
demurrers undisposed of and all pleas, replications, &c., on
which issue was not joined. See Taylor vs. Baker, 1 Fla.,
255.

The fourth error assigned is, that " the Court erred in
having the jury sworn when there was no issue to try, the
first amended plea being demurred to, and the replication
to the second amended plea being demurred to and not dis-
posed of, and there being no issue joined on the plea of
partial payment nor the plea of set-off."

This error seems to be assigned through mistake. There
were *two* issues for the jury to try, viz : On the third plea,
being the plea of payment, and on the fourth plea, which is
in the following words, to-wit :

" The said defendant by Jordan & Chain, his attorneys,
comes and defends the wrong, and injury, when, &c., and says
that the plaintiff ought not to have or maintain his aforesaid
action against him, because he says that the said plaintiff.

on the    day of    1853, contracted with said defendant as follows, to-wit: That the said plaintiff would let the said defendant have the possession of and work and labor of two certain negro men slaves, one by the name of Henry and the other by the name of Randall, the property of said plaintiff, for the term of twelve months from and after the date aforesaid, and for the price of three hundred dollars, payable on the first day of January next, ensuing the date aforesaid, and take the note of said defendant for the amount aforesaid, and in consideration thereof, the said defendant executed and delivered to said plaintiff the said promissory note mentioned and described in the declaration of the said plaintiff, for the possession and work and labor of said negro men slaves. And said defendant avers that said plaintiff *violated* and *rescinded* said contract by taking back to his possession and receiving the work and labor of the said man slave Randall, for and during the time which he the said plaintiff agreed to hire said slave to said defendant, except about two months of the time, thereby *rescinding* and *making null and void* said contract, for which said promissory note set out and particularly mentioned in said declaration of said plaintiff was given, and this he is ready to verify, &c."

On these two issues, of payment and rescision, the defendant thought proper to take his chances before the jury, and it is too late for him, after the jury has found those issues against him, to complain before this Court that there were other pleadings in the case not made up.

The *fifth* error assigned is, that "the Court erred in sustaining the objection raised by the counsel for the plaintiff when the counsel for the defendant attempted to prove by the witness Henry Whiteworth, the commands and instructions given by the wife of plaintiff to said slave Randall, as averred and set out in the *first* and *second* pleas of defendant."

It is a sufficient answer to this assignment to say that there were no issues joined on said first and second pleas, and therefore the Court was right in excluding all evidence concerning matters stated in them.

The sixth error assigned is that "the Court erred in charging the jury and in not giving the charge asked for by the defendant."

The charge asked for by the defendant was "that if the jury are satisfied from the evidence that one of the negroes was taken back by the plaintiff even with the consent of the defendant, the plaintiff would not be entitled to recover the full amount of the hire of the two negroes."

We are of opinion that the Court was right in refusing this instruction, because, first, the only issues in the case were, first payment, and secondly a total rescision of the contract, under neither of which was such a charge proper, and secondly because there was no evidence on which to base it.

The evidence is that the boy Randall ran away from defendant and went back to plaintiff, and that plaintiff, on demand of defendant, delivered him up, and that said boy ran away again and went back to plaintiff, who thereupon *proposed* to defendant to take said boy back and allow a credit of $150 on the note, but that defendant *refused* this offer, saying that he would sue plaintiff for damages. One of the witnesses also testified that defendant stated that he would not bring said negro back, though he admitted that plaintiff would deliver him up if he, defendant, would take him back ; that he defendant had got rid of a bad bargain, as Randall was a bad negro, &c. It would seem from the evidence that the plaintiff was willing to deliver the boy Randall up to the defendant or else to keep him and allow a credit on the note of $150, but that the defendant would not assent to either proposition, but elected to have his

action for damages. Having made this election, we think the Court was right in holding him to it.

The *seventh* assignment is that "the Court erred in not granting a new trial as moved for by the counsel for the defendant."

Various grounds were alleged for a new trial, but as we have in the preceding part of this opinion disposed of them all except that of surprise, we will speak now only of that. On the application for a new trial the defendant made affidavit that Everett Bogs, one of the witnesses for plaintiff, had also been a witness for defendant in a suit which defendant had previously brought against plaintiff in Alabama, for converting wrongfully the slave Randall to his own use before the term of hiring had expired, and that on said trial the said witness had sworn very differently from what he did on thi trial, and that defendant was thereby surprised and had discovered only since this trial that he could prove that said witness swore differently on the former trial, &c. The record states that "the Court overruled the motion and refused to grant a new trial upon the ground that the rule requires that the party asking for a new trial upon the ground of surprise, must not only show surprise, but must also show that he is injured thereby, and also how he will remedy the difficulty that has been occasioned by the surprise, and that newly discovered evidence to impeach a witness is not ground for a new trial."

We hold that the Court did not err in thus ruling, and we are also of opinion that said affidavit, instead of showing that defendant was entitled on the merits to a new trial, shows conclusively that he was not, for it shows that defendant had already sued plaintiff, as he had said he would do, to recover whatever damages plaintiff had occasioned him by his conduct in regard to the boy Randall, and therefore he ought not to have set up the same matter as a defence to plaintiff's suit on the note.

*Per curiam.* Let the judgment of the Court below be affirmed with costs.