J. E. Pace, as Administrator of M. J. Doyle, Deceased, Appellant, vs. Isaac M. Lanier, as Administrator of John Lanier, Deceased, Appellee.

BILL OF EXCEPTIONS—NECESSARY TO AUTHENTICATE THE PROCEEDINGS AT THE TRIAL.

A bill of exceptions, or that which is tantamount thereto, properly signed and sealed by the judge presiding, is necessary to give verity and authenticity to any exposition of the happenings and proceedings *in pais* at the trial below, in order that alleged errors at such trial can be considered upon appeal.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*C. F. Akers* for Appellant.

*W. R. Anno* for Appellee.

TAYLOR, J.:

John Lanier sued M. J. Doyle in the Circuit Court of Orange county in an action of covenant for alleged breaches of covenants contained in a warranty deed to lands sold by Doyle to Lanier. The trial resulted in a verdict and judgment for the plaintiff in the sum of $3,266.66, besides costs. From this judgment Doyle appealed to this court. Since the pendency of the appeal here both the appellant and appellee have died, and upon the suggestion here of such deaths, J. E. Pace, as administrator of Doyle, has been substituted as appellant, and Isaac M. Lanier, as administrator of John Lanier, has been substituted as appellee.

The record before us upon appeal contains a voluminous amount of what *purports* to be the evidence of divers witnesses who deposed orally at the trial below, together with various deeds, contracts and certified copies of records purporting also to have been introduced at the trial below. Copied also in the record before us are various charges purporting to have been given to the jury at the trial. There is also copied into the record a motion for new trial that purports to have been made. But we cannot consider any of this evidence, nor the charges, nor the motion for new trial, as there is no bill of exceptions signed and sealed by the judge presiding, nor anything tantamount to or resembling a bill of exceptions, to make any of this mass of matter a part of the record in the cause, or that gives to it such authenticity as to enable us to treat or regard it as any part of the proceedings had at the trial below. In view of this condition of the record before us, there are but two assignments of error that we can consider, and they are as follows: 1st. "That the court erred in sustaining demurrer to the plaintiff's (defendant's) plea." 2nd. "That the court erred in striking plea of abatement." And even these assignments we would be justified in treating as abandoned, since they are not insisted upon in the briefs for the appellant filed here, and we are cited to nothing therein wherein the alleged error exists.

But, as to the first assignment above, we find from the record that the plaintiff, in fact, filed three different declarations at different times; the last two being designated as "amended" declarations, but were, each of them, complete within themselves without reference to the declaration that preceded them respectively in the cause. To each of these declarations the defendant plead and demurred at the same time. The defend-

ant's demurrer to the first declaration filed seems to have been voluntarily admitted by the plaintiff, because, without any ruling of the court thereon, the plaintiff, after the filing of such demurrer, filed another declaration curing the principal defect, pointed out by the demurrer, in the first. To this second declaration the defendant again demurred and plead at the same time. This demurrer to the second declaration was sustained by the court, and leave granted to the plaintiff to file an amended declaration. The plaintiff then filed his third declaration, and to this third and last declaration the defendant again demurred and plead at the same time; the pleas being a substantial reproduction of those filed to the second declaration, and which pleas to the second declaration were demurred to by the plaintiff, and the demurrer thereto sastained. Though these pleas had been held bad upon demurrer when filed as a defense to the second declaration in the case, yet, when reproduced and refiled as a defense to the third and last declaration in the cause the plaintiff joined issue thereon and the parties went to trial before a jury upon the issues thus presented and joined. The defendant, therefore, got the full benefit of his pleas, and though the court may have erred in sustaining the plaintiff's demurrer thereto when interposed as a defense to the second declaration, such error, if there was any, could not have injuriously affected the defendant for the reason that he got the full benefit of the same pleas by way of defense to the last declaration filled upon which the trial seems to have been had.

Upon the defendant's demurrer to the last declaration there appears no ruling of the court, and no disposition thereof seems to have been made. The parties, however, seem voluntarily to have gone to trial

without such disposal of this demurrer of the defendant; which action upon the defendant's part, under the ruling of this court in Judge vs. Moore, 9 Fla., 269, must be held to be a waiver of such demurrer.

To the second declaration the defendant, as before stated, demurred, and by a separate plea plead in abatement thereto, and besides, filed other separate pleas that were afterwards refiled as defenses to the last declarations filed. This second declaration, to which this separate plea in abatement spoke was held bad on the defendant's demurrer thereto. After this when the plaintiff filed his third and last declaration the defendant did not again interpose thereto the former plea in abatement or connect such plea in any way with his defenses to the last declaration. The plea in abatement spoke only to the second declaration, so that even if there was any error in the striking of such plea, the defendant was not injured thereby, since the declaration to which it was intended as a defense was held bad on the defendant's demurrer thereto.

For the reasons already stated the other errors assigned, based upon the evidence in the cause and the charges of the court, can not be considered; and, finding no errors apparent upon such portions of the record as can be considered by us, the judgment appealed from is affirmed.