JAMES H. BUNCH, *Plaintiff in Error*, v. P. L. JOHN FOR THE USE AND BENEFIT OF THE HIGH SPRINGS BANK, A CORPORATION, *Defendant in Error*.

Opinion Filed January 9, 1923.

1. Section 2811 Revised General Statutes providing for an extension of time for the making and presentation of motions for a new trial beyond the period of four days after the rendition of the verdict, requires the presentation of the motion to the judge and a copy thereof to be served on the opposite party or his attorney with three days' notice of the time and place that the motion will be presented and heard.

2. Where after verdict rendered the court, upon application of the persons against whom the verdict is rendered, extends the time for the making and presentation of a motion for a new trial under the provisions of Section 2811 Revised General Statutes and makes an order to the effect that in the event the

motion be overruled and denied that the party against whom the verdict was rendered shall be allowed ninety days from the date of the overruling and denying of the motion in which to present and settle a bill.of exceptions and a motion for a new trial was not made and presented in compliance with the terms of the statute a bill of exceptions made up and settled after the expiration of the term of the court at which the verdict was rendered will upon motion be stricken from the record.

A Writ of Error to the Circuit Court for Columbia County; E. C. Love, Judge.

Judgment affirmed.

*James H. Bunch,* for Plaintiff in Error;

*F. Y. Smith,* for Defendant in Error.

ELLIS, J.—A motion was made in this case to strike from the record the bill of exceptions contained therein upon the ground that the circuit judge who sat in the cause *pro hac vice* under order of the Governor of the State of Florida was disqualified and without jurisdiction to settle and sign the same. Also upon the ground that the bill of exceptions shows upon its face that it was settled and signed after the term of the court at which the judgment was rendered had adjourned and that no proper order had been made in the cause extending the time beyond the term of the court in which to settle and sign a bill of exceptions.

This was an action of ejectment pending in the circuit court for Columbia County. The judge of the second judicial circuit, under order of the Governor of the State of Florida, sat as judge of the circuit court for Columbia County in the trial of said cause. There was a verdict and judgment rendered for the plaintiff on the 26th day of

April, 1922. The defendant gave notice of his motion for a new trial and moved the court to allow him fifteen days from that date in which to file and submit his motion. The motion was granted and an order was made that in the event the motion be overruled and denied by the court that the defendant should be allowed ninety days from the date of the overruling and denying of the same in which to present and settle and sign a bill of exceptions.

Six days after that order was entered the defendant prepared a motion in writing for a new trial entitling the case as follows: "High Springs Bank, a corporation, plaintiff, v. James H. Bunch, defendant, ejectment" and sent the written motion to the clerk of the circuit court for Columbia County at Lake City. The defendant, on May 9th, obtained the written motion from the clerk of the circuit court at Lake City and sent it by mail on May 10th to the judge of the second judicial circuit of Florida at Quincy and that day forwarded to the plaintiff's counsel, for the first time, a copy of the motion and notice of the time and place of presenting the same, it was received by the judge on the 11th of May 1922, sixteen days after the date upon which the verdict was rendered in the said cause.

The plaintiff's counsel, by telegram to the judge who sat in the cause, objected to his considering the said motion upon the ground that no copy of the same had been served upon plaintiff's counsel in the time required by the statute in such case made and provided.

A hearing upon the said motion was adjourned until the 31st day of May, 1922, on which date the defendant asked and obtained leave to amend the title of his motion by designating it to be "P. L. John for the use and benefit of

the High Springs Bank, a corporation, plaintiff, v. J. H. 'Bunch, defendant.''

Upon consideration of the objection made by plaintiff's counsel to consider said motion for a new trial the court refused to consider the same finding that the notice required by the statute in such case had not been given by the defendant to the plaintiff's counsel. See Sect. 2811 Revised General Statutes 1920.

On the 26th day of August, 1922, the defendant presented to the judge his bill of exceptions to be signed and sealed and the Judge signed the same on November 6th, 1922. The court being of the opinion that the order of the circuit judge refusing to consider the motion for a new trial was correct, it follows that no motion for a new trial in the case was ever considered by the circuit judge and overruled and denied by him and the condition upon which the order was made granting time in which to present a bill of exceptions for settlement was not complied with.

The statute providing for an extension of time for making and the presentation of motions for a new trial beyond the period of four days after the rendition of the verdict required the presentation of the motion to the judge and not a delivery of a written copy of the motion or the motion reduced to writing to the clerk of the court in which the case may be pending and such statute provides that a copy of the motion to be presented to the judge shall be served on the opposite party or his attorney with three days notice of the time and place that the same will be presented and heard. The requirements of the statute were not complied with therefore no motion for a new trial was legally presented and the court was without jurisdiction to grant or deny the same.

As the authority to sign and settle a bill of exceptions after the term of the court at which the verdict was rendered and judgment entered was conditioned upon the consideration and overruling of a motion for a new trial to be presented to the judge within fifteen days after the rendition of the verdict and the condition was not complied with it follows that the bill of exceptions has not been signed within the time required by law and the motion to strike the same from the record should be granted.

This case has been to this court upon one phase or another several times and the history of the litigation and merits of the case are known to this court. As the assignments of error in this record rest entirely upon matters contained in the bill of exceptions and as the bill of exceptions can not be considered by this court because the same has not been legally presented and signed and does not therefore under the statute become a part of the record and as it appears to the court that no injury would be done by an affirmance of the judgment in this case;

It is therefore considered and ordered that the motion to strike the bill of exceptions be granted and that the judgment of the circuit court in the case be and the same is hereby affrmed.

TAYLOR, C. J., AND WHITFIELD, BROWNE AND WEST, J. J., concur.