THE CITIZENS BANK OF WILLISTON, *Plaintiff in Error*, v.
JOSEPH B. WILLIAMS AND SIMON F. WILLIAMS, PARTNERS
AS J. B. WILLIAMS & COMPANY, *Defendants in Error.*

Division A.

Opinion Filed April 6, 1926.

*Baker & Baker, S. M. Mathews* and *Geo. L. Rutherford,* for Plaintiff in Error;

*Williams & Bly* and *Simon F. Williams,* for Defendants in Error.

ELLIS, J.—The plaintiff in error brought an action against the defendants in error, as partners, upon two promissory notes due respectively November 1 and December 20, 1921, and recovered a judgment in the sum of six thousand two hundred and seven dollars and forty-six cents.

The verdict was rendered on the 31st day of May, 1923. On June the 4, 1923, the defendants submitted to the court a motion for an extension of time in which to make a motion for a new trial. The motion was granted and the judge extended the time until June 14, 1923.

The court adjourned for the term, October 5, 1923. Upon consideration of the motion for a new trial on January 24, 1924, the court granted it.

The plaintiff took a writ of error to the order granting a new trial. Several assignments of error attack the jurisdiction of the court to grant the motion for a new trial under the circumstances.

Section 2811, Revised General Statutes, requires motions

for new trials in civil cases to be made within four days after the rendition of the verdict but authorizes the judge, upon cause shown within four days after the rendition of the verdict and during the same term, by order to extend the time for making and presenting the motion for a new trial, not to exceed fifteen days from the rendition of the verdict. The statute also provides that in all cases of extension of time for making such motions a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, within three days' notice of the time and place that the same shall be presented and heard.

In the case of Bunch v. John, 85 Fla. 22, 95 South. Rep. 235, it was held that where the requirements of the Statute were not complied with the court is without jurisdiction to grant or deny the motion for a new trial. It was also held that depositing the motion in the clerk's office was not a presentation of it to the judge which was required by the statute. It is contended that as the record does not show that the motion was presented to the judge within the time allowed for its presentation to him he was without jurisdiction to entertain it.

A bill of exceptions is the proper method of preserving the record of a motion for a new trial and the disposition made of such motion. See Pace v. Lanier, 32 Fla. 291, 13 South. Rep. 360; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. Rep. 183; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392; Alexander v. Rhine, 78 Fla. 313, 82 South. Rep. 831; McDonald v. State, 46 Fla. 149, 35 South. Rep. 72; Thomas Bros Co. v. Price & Watson, 56 Fla. 854, 48 South. Rep. 262.

Defendants in error moved this court on August 9, 1924, more than two months after the return day of the writ of error for leave to amend the record by adding thereto copy of ''affidavit and motion that the motion for a new trial be amended so as to include the ground set forth by the facts

stated in said affidavit." At the same time they submitted a motion for "leave to amend the record in this case by adding thereto copy of notice to argue motion for a new trial and certificate of the Judge of the Circuit Court certifying that said motion was duly presented and explaining the delay in hearing the same."

Both of these motions were denied. To have granted them would have been to permit the amendment of a bill of exceptions in a material matter.

It is the exclusive province and duty of the trial judges in making up bills of exceptions for appellate proceedings to settle authoritatively all disputes as to the happenings in pais and to state truly such matters to be contained in such bills. Bills of exceptions so certified and signed cannot be averred against, altered or amended in the appellate court. See Anderson v. Winer & Whaley, 50 Fla. 177, 39 South. Rep. 31; Sartain, Dobson & Reese v. Bay County, 87 Fla. 231, 99 South. Rep. 558.

From anything appearing to the contrary in the record, duly certified and transmitted to this court under its rules and the statutes governing appellate procedure, the motion for a new trial was filed with the clerk within fifteen days but was not presented to nor acted upon by the judge until a much later date and beyond the period prescribed by the statute for the presentation to him of such motions.

The order granting a new trial therefore, so far as this record discloses, was made without authority. The order should be reversed with instructions to enter judgment for the plaintiff on the verdict unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail. See Sec. 2905, Revised General Statutes; Cotton States Belting & Supply Co. v. Florida R. Co., 69 Fla. 52, 67 South. Rep. 568.

It is so ordered.

BROWN, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.