L. R. BISHOP, *et al.,* as Board of Commissioners of the Lake Worth Inlet District, v. C. E. CHILLINGWORTH, Judge Circuit Court, Fifteenth Judicial Circuit.

154 So. 254.

Opinion Filed March 19, 1934.

*Terry Gibson* and *Boozer & Boozer,* for Relators;

*C. D. Blackwell,* for Respondent.

DAVIS, C. J.—Relators were parties defendant in a suit at law wherein the jury's verdict was returned in favor of the opposite party on February 9, 1933. On February 13, 1933, defendants made their motion for an extension of time to February 20, 1933, to file and present their motion for a new trial. The motion was granted and an order was entered accordingly allowing said defendants until February 20, 1933, to file, make and present their motion for a new trial. See Section 4898, C. G. L., 2811, R. G. S. On February 20, 1933, defendants made and filed with the clerk of the circuit court their motion for a new trial. On March 8, 1933, the motion for a new trial was presented to the Hon. C. E. Chillingworth, Circuit Judge, whereupon plaintiffs presented their counter motion to strike defendant's motion for a new trial on the grounds, among other things, that said motion for new trial had not been presented within fifteen days of the rendition of the verdict in accordance with the above cited statute, and that no copy of said motion, together with three days' notice of the time when, and the place where, same would be presented and heard, had been

served on plaintiffs or their counsel, as required by law. Bunch v. John, 85 Fla. 22, 95 Sou. Rep. 235.

On March 14, 1933, pursuant to a continuance by the court of the hearing on plaintiff's motion to strike the defendant's motion for a new trial, the matter came on for consideration. On that date, after hearing the controversy, the circuit judge entered the following order:

"This cause was further presented by counsel upon the motion of the plaintiff to strike certain motions of the defendants, and upon the defendants' motion for venire *facias de novo,* and the matter was considered by the court.

"It is my conclusion that the motion for new trial and motion in arrest of judgment were not duly presented to the Judge within the required time.

"If I had any discretion in this matter I would much prefer to dispose of those motions upon their merits, rather than strike them, but I have no discretion. Thereupon:

"It Is Ordered and Adjudged that plaintiff's motion to strike the defendant's motion for new trial, and plaintiff's motion to strike the defendant's motion in arrest of judgment be granted; and that the defendant's motion for venire *facias de novo* be denied. To which ruling defendants except. Exceptions noted.

"It Is Further Ordered that thirty days be allowed for the purpose of settling such bill of exceptions, if any, as the Court may be authorized to settle.

"Done and Ordered at West Palm Beach, Florida, this 14th day of March, A. D. 1933.

"C. E. Chillingworth,
"Circuit Judge."

The proceeding now before us is one in mandamus to require the circuit judge to vacate his said order and to forthwith make a ruling on defendants' motion for new trial

(as well as a motion in arrest of judgment filed simultaneously therewith) by disposing of the same on its merits in lieu of striking it. The facts upon which relator relies for the relief prayed are in substance as set forth in the following affidavit attached to and made a part of the alternative writ· of mandamus, identified by an endorsement thereon appearing to have been made by the circuit judge, but not otherwise authenticated and made a part of the record in the cause:

"STATE OF FLORIDA,
"COUNTY OF PALM BEACH.

."This day personally appeared before me, a Notary Public of the State of Florida, authorized to take oaths and acknowledgments, TERRY GIBSON, who upon being duly sworn deposes and says:

"That on Monday, February 20th, 1933, I appeared before the Honorable C. E. Chillingworth, having with me and in my possession at that time and holding in my hand, motions in the above entitled cause for a Venire *Facias de Novo,* Motion for a New Trial and Motion for Arrest of Judgment, and at that time stated to the Court to the best of my recollection and belief the following words: 'Judge, I have here Motions for a New Trial and Venire *Facias de Novo* and Motion to Arrest Judgment in that ejectment case we tried the other day, and I would like to have an appointment for hearing.' It is my further recollection that during the conversation regarding that appointment, these Motions were laid on the Judge's desk. Upon making the aforesaid request for hearing, I was advised that he was trying cases that week and the following week and that if I would call him later in the week he would be glad to set a definite date; thereafter I took the said Motions to the Clerk's office where they were filed.

"Subsequently, to the best of my knowledge and belief, the following Thursday I again requested the Court for a date of hearing, at which time the said hearing was set for the following Wednesday, March 1st, 1933. Notice of said hearing was duly sent to the counsel for plaintiff on the 25th day of February, 1933, at which time the attorney for the plaintiff called your affiant on the phone stating that he would be in New Orleans before the Circuit Court of Appeals at the time set for said hearing, and requested that said hearing be postponed until his return, at which time your affiant, on a telephone conversation with C. E. Chillingworth, Judge of the above styled Court, changed the date of hearing until the following Wednesday, March 8th, 1933.

"Sworn to and subscribed before me this 8th day of March, 1933.

"TERRY GIBSON.

"MARY RIDDLE,

"Notary Public, State of Florida at Large.

"My commission expires: 11/14/34." (N. P. Seal.)

The constitutional jurisdiction of the Supreme Court as an appellate court to ultimately review, modify, correct or reverse a judgment at law after it is rendered by a circuit court of this State, has its inception and attaches itself to the cause from the very moment that the suit is commenced in the court of original jurisdiction. This is true, although in practically all of the cases, it is only after the issuance of a writ of error challenging some final decision in the case, that any of the proceedings of the circuit court may be actually brought before the Supreme Court for the purpose of enabling it to exercise its appellate powers as a court of last resort.

Accordingly, in cases wherein the Circuit Courts have made orders or rulings, or taken proceedings, in cases at

law pending before them, which orders or proceedings taken, have the effect of unduly hindering or preventing the exercise of the appellate court's jurisdiction, as by destroying or making ineffective the right of the unsuccessful party to review the proceedings, acts, rulings or orders of the inferior courts complained of, such acts, rulings or orders can be corrected by mandamus in every case where the nature of the order, ruling or act is such that no writ of error or appeal will lie therefrom, or where the remedy for same by appeal or writ of error is not a speedy, plain, complete and adequate one in the premises. Barber Asphalt Paving Co. v. Morris, 132 Fed. Rep. 945, 66 C. C. A. 55.

To state the proposition another way, the power of an appellate court to review the judgment of an inferior court extends to the right to issue writs of mandamus in aid of appellate jurisdiction whenever it potentially exists, whether appellate jurisdiction has been actually invoked by writ of error or not. Thus, the dominant power of an appellate court comprehends the right to issue its writ to an inferior court to enable the appellate court to protect that jurisdiction against possible circumvention, defeat or evasion. Thus any inaction of the lower court which forestalls the entry by the latter court of appropriate rulings, orders or a final judgment on matters presented to such inferior court for determination, may be rectified by the appellate court in all cases where the matters presented to be ruled on by the inferior court are within the appellate court's judicial power ultimately to review and correct on a writ of error taken to the inferior court's judgment. In cases where so employed, a writ of mandamus is in the nature of a *procedendo*. Livingston v. Dorgenois, 7 Cranch (U. S.) *576, 3 L. Ed. 444; *Ex Parte* Bradstreet, 7 Peters (U. S.) 634, 8 L. Ed. 810; New York Fire & Life Ins. Co. v. Wilson's Heirs,

8 Peters (U. S.) 291, 8 L. Ed. 949; *In re* United States, 194 U. S. 194, 24 Sup. Ct. Rep. 629, 48 L. Ed. 931; *Ex Parte* Virginia, 100 U. S. 313, 25 L. Ed. 667.

In Rest v. State, 77 Fla. 225, 81 Sou. Rep. 523, this court issued an order in the nature of a *procedendo* to require a criminal court of record to adjudge a convicted prisoner insolvent in order that he might obtain a proper transcript of the record for the prosecution of his writ of error to the judgment of conviction. In State, *ex rel.* Garrett v. Johnson, 112 Fla. 112, 150 Sou. Rep. 239, 151 Sou. Rep. 315, we recognized the principle that writs of mandamus and of prohibition are available to courts having final appellate jurisdiction, to compel appropriate proceedings to be taken within the jurisdiction of an inferior court. In State, *ex rel.* The Dowling Co. v. Parks, 99 Fla. 1264, 128 Sou. Rep. 837, we recognized the rule that mandamus lies from an appellate court of last resort to compel the entry of a decree in accordance with the decision and judgment of the appellate court, although undoubtedly the same end could have been attained by a new appeal wherein the appellate court could have entered its own decree in lieu of that attempted by the inferior tribunal.

The forms of rulings of an inferior court made during the course of a proceeding at law, the exceptions taken thereto and assignments of error duly based thereon, as well as the manner of making, preparing, recording and bringing about appropriate authentication and certification thereof to the proper appellate court, are all matters collateral to the rights of the parties to an appellate review of the inferior court's final judgment after it is duly entered. Hence, collateral controversies which are incident to the form or substance of the record in the inferior court may

be regarded as partaking of the nature of a proceeding in error collateral to a writ of error.

But while such collateral disputes are capable. of being examined, reviewed and settled on a proceeding in mandamus in the nature of a *procedendo,* yet it is only because the right to this same kind of review on writ of error is regarded. as not affording either a complete, speedy or adequate remedy for reaching such collateral misprisions as constitute no part of the main case, that the use of mandamus is allowable as the approved method of procedure in bringing such collateral matters before the appellate court for preliminary decision in advance of final judgment on the issuance of a writ of error.

Therefore, since the primary purpose of a writ of error is not to try the issues between the parties, but rather to try the judgment rendered by the court below, as disclosed by the record of what the court below acted upon in entering its judgment (McKinnon v. Lewis, 60 Fla. 125, 53 Sou. Rep. 940) a mandamus to settle a collateral dispute as to proceedings necessary to be taken preliminary to a writ of error (inasmuch as such mandamus partakes of the same character as the writ of error to which it is an aid) must be predicated on the same theory and tested by the same legal considerations as a writ of error.

We therefore hold in the present case that mandamus is the proper remedy to compel a ruling by the circuit judge on a motion for a new trial in a controversy at law wherein it is alleged that the circuit judge has improperly disregarded and stricken such motion and thereby is impeding and hindering the right of relator (movant) to have such motion disposed of on its merits as a predicate for an assignment of error thereon. To deny relator the right to have his motion for a new trial ruled on by the circuit court in the first

instance operates to hinder, delay and prevent, if not to entirely deny appellate proceedings in error being pursued before the Supreme Court on the merits of the motion when properly assigned as error on a writ of error; therefore, it is within the appellate court's jurisdiction to review on mandamus, the question whether or not the inferior court's refusal to rule is justified.

But the function of the Supreme Court in a mandamus of this nature is appellate in character. It rests upon the appellate power of the Supreme Court to cause the Circuit Court, as an inferior court, to so proceed with a cause pending before it that such cause may be brought to a definite conclusion in such inferior court after having a proper basis laid in the record for invoking an appellate review in the Supreme Court of all reviewable orders, ruling and proceedings which aggrieved parties may indicate their desire to appropriately preserve in due form for ultimate appellate decision.

This being true, it follows that in a mandamus proceeding brought to coerce a circuit judge to set aside his own order striking a motion for a new trial, on the ground that such motion for a new trial was never properly presented to him within the time allowed by law and to require such judge thereafter to proceed to rule on the same on its merits, all matters *in pais* relating to the ruling complained of, must be evidenced to the Supreme Court by a special bill of exceptions duly taken as to all matters *in pais* relied on to overturn the order or ruling complained of as illegal or amounting to an abuse of power on the part of the judge.

Since every ruling of an inferior tribunal capable of being reviewed by appellate proceedings before an appellate court, necessarily involves the certification of such rulings to the appellate court in proper form to enable the appellate court

to adjudicate same, an appellate court has inherent power, as an incident to its appellate jurisdiction, to so direct and control the proceedings of the inferior tribunal through appropriate processes available to it, that appealable rulings of the inferior tribunal may be put in the prescribed form essential to the making up of an appellate record.

Appellate power comprehends the right of the appellate court to require the inferior court to proceed to rule on a proposition presented to it in proper form when it unlawfully or unreasonably refuses to do so. It also comprehends the right, by mandamus or other appropriate process, to compel the inferior tribunal to make such accurate and sufficient record of what its rulings are, as will enable an aggrieved party to have the same certified up to the appellate court for consideration in due course of appellate procedure. Hence, collateral controversies respecting procedural steps and the proper notation or recording thereof essential to the successful prosecution of a writ of error, may be regarded as being based upon the appellate court's jurisdiction to ultimately entertain a writ of error in the cause, although at the time, no writ of error has been actually issued, and indeed is incapable of being issued, because no final appealable order of judgment has been entered. Barber Asphalt Paving Co. v. Morris, *supra*.

But while collateral disputes of the kind just referred to may, under many circumstances, be considered upon a proceeding in mandamus in the nature of a *procedendo,* or upon a restraining writ in the nature of a prohibition, where the latter form of writ is best suited to the needs of the occasion, yet it is only when the ordinary remedy by writ of error from the final judgment is not plain, complete, speedy and adequate for the relief to which a party is entitled, that such extraordinary processes of the appellate court may be

resorted to for the purpose of acting upon the inferior tribunal with respect to its interlocutory orders, rulings and proceedings had or done in advance of final judgment.

Therefore an extraordinary proceeding in mandamus instituted in an appellate court and addressed to an inferior tribunal, the purpose of which is to control and direct the proceedings of the latter in order that relator may have of record a sufficient predicate for subsequent proceeding in error to a final judgment or other final appealable order of the inferior tribunal when it is entered, is, in its essence, of the same general nature as the writ of error in aid of which it is allowable. Hence, such extraordinary proceeding must be dealt with according to the rules governing proceedings in error, and the issues raised thereby must be adjudged in the light of a proceeding in error at the common law.

Just as a writ of error is a mere instrument to bring up the record of an inferior court in aid of the exercise of an appellate jurisdiction or power which is conferred, not by the writ, but by the law which gives the appellate court its jurisdiction to review (Palmer v. Johnson Const. Co., 97 Fla. 479, 121 Sou. Rep. 466), a writ of mandamus employed in aid of proceedings in error is simply a method of procedure by which the appellate court tries the sufficiency of the ruling of the court below in order to test said ruling by the applicable law controlling its form and sufficiency as a procedural step toward an ultimate appealable final order or judgment.

The primary object of the writ of mandamus in the present case is not to try the issue between relators, as the makers of a rejected motion for a new trial, and the respondent circuit judge who refused to acknowledge the due presentation of the motion to him. It is rather to try the

propriety and legality of the decision of the circuit judge to the effect that he was without jurisdiction to proceed to a ruling on the merits of the motion because such motion had never been properly presented. If the circuit judge was in error in holding as he did, such error of procedure, like other errors of the trial judges of this State, can be reached and redressed by a proceeding before this Court.

But to warrant appellate redress, all matters *in pais* relied on to demonstrate error in a judge's conclusions resting in part on matters *in pais,* must be evidenced to the appellate court by a bill of exceptions, just as if the particular ruling of the court were assigned here as error, on writ of error. Indeed, this very controversy is of such a character that probably what is complained of could be reached upon writ of error. But because of the circuity of proceedings involved, writ of error would not under the circumstances, be a speedy and adequate remedy, hence mandamus is available, but must be properly founded.

The allegations of the alternative writ set up matters *in pais* as the predicate for a mandamus against the circuit judge to vacate his order striking the relator's motion for a new trial, and requiring him to dispose of the motion on its merits. But the alternative writ does not plead the preservation of the matters *in pais* constituting the facts alleged, in a bill of exceptions. A bill of exceptions is the only authorized method by which matters *in pais* can be evidenced, whether on writ of error or on mandamus, when it is necessary to consider such matters *in pais* to test the propriety of a judicial conclusion based thereon.

A demurrer admits all facts well pleaded. But where particular facts must be shown by a bill of exceptions to be available to the pleader, allegations of such facts without showing that the facts alleged are supported by the required

bill of exceptions, are incomplete and are not admitted by the demurrer. See Amos v. Gunn, 84 Fla. 285, 94 Sou. Rep. 615.

In this case there is no sufficient allegation in the alternative writ that the facts pleaded as a basis for compelling the respondent judge to act, are supported by a bill of exceptions evidencing the same. To warrant the mandamus applied for as against the contrary finding implied in the making of the respondent circuit judge's order that is sought to be set aside, it is indispensable that error in the judge's refusal to act be properly supported by a proper showing in the record. Matters *in pais* can be made a part of the record only by incorporating the same into a bill of exceptions. Such bill, when authenticated and filed as a part of the record in the original suit, either as a special bill of exceptions or as a part of a general bill, then becomes available to be used in support of a mandamus, or in support of any other appropriate proceeding for taking the case into an appellate court for consideration and determination of any question arising thereon.

The demurrer to the alternative writ of mandamus is sustained with leave to amend within fifteen days in the particulars referred to, if relator so desires.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.