COWART, Judge.
The petitioner seeks a writ of mandamus to direct the respondent trial judge to hear the merits of the petitioner’s motion for new trial which petitioner claims was improperly stricken.
At the conclusion of a criminal jury trial and pursuant to Florida Rule of Criminal Procedure 3.590(a), the trial court extended from four days to fifteen days after the rendition of the verdict the time within which a motion for a new trial could be made. On the seventh day after rendition of the verdict a motion for a new trial was made. Long after fifteen days after rendition of the verdict the motion was heard and at the hearing the State argued that the trial judge did not have jurisdiction to consider the motion because the motion was not filed within the first four days after rendition of verdict and that the court had not acted on the motion within the first fifteen days after rendition, citing Clark v. State, 176 So.2d 353 (Fla. 2d DCA 1965).
If a motion for a new trial is filed within four days of the rendition of the verdict it is timely regardless of when it is heard. If the time for making the motion is extended by the court as permitted by the rule and the motion is filed within the extended time limit then, again, the motion is timely filed.
In either event when a motion is timely filed the court has jurisdiction to consider the motion after the lapse of the time during which the motion can be timely filed. Clark v. State and the case it cites, Farrior v. State, 76 So.2d 148 (Fla.1954), relate only to the situation where the time for filing is not expressly extended and the motion is not filed within four days of rendition of the verdict but is thereafter filed. In that event those cases hold that the trial court still has jurisdiction to act on the motion if the court acts within fifteen days of the rendition of the verdict. Apparently these rulings, in effect, hold that the trial court does not have to act within the four days of rendition to extend the time for filing, that under the rule the court has the authority to act at any time within fifteen days of the verdict to extend the time as permitted and that when the court grants or denies (as distinguished from dismissing or striking) a motion within fifteen days of the verdict it impliedly approves the belated filing. As the motion for a new trial in this case was timely filed, the particular doctrine of Clark v. State, has no application and the trial court had jurisdiction to consider the merits of the motion after the time period within which it was required to be filed.
*653 Clark v. State and cases cited therein, suggest that the denial of a motion indicates a ruling on the merits while dismissing or striking it, contrarily, suggests that the motion was considered untimely or for some other reason the trial judge believed the court did not have jurisdiction to consider the motion. It was after reading this portion of that case that the trial court struck the motion in this case signaling that he had accepted the State’s erroneous interpretation of Clark v. State.
Although the rule that denies the right of appellate review of the sufficiency of the evidence in a criminal case where a timely motion for a new trial has not been filed[1] is fulfilled by the mere timely filing of the motion and is not dependent upon the correctness of the trial court’s disposition of the motion, nevertheless, we are satisfied that a defendant is entitled to a ruling on the merits of a timely motion for a new trial and that a writ of mandamus is a proper remedy to cause a trial court to exercise its jurisdiction to hear the merits of such a motion which has been improperly stricken.[2] However, we are required to take judicial notice of the records of our own court which reveal that the petitioner has now filed in this court a direct appeal of his judgment and sentence[3] which, of course, constitutes an abandonment of his motion for a new trial.[4] Since this action deprives the trial court of its jurisdiction to hear and consider the motion for a new trial, we cannot now direct him to do so, and the petition for writ of mandamus is, therefore,
DENIED.
COBB and SHARP, JJ., concur.

. That rule, its history and a criticism of it is set forth in Martin v. State, 262 So.2d 720 (Fla. 2d DCA 1972).

. See Bishop v. Chillingworth, 114 Fla. 286, 154 So. 254 (1934).

. Samuel Fuller v. State, No. 80-1355 (Fla. 5th DCA, filed Nov. 24, 1980).

. In re Estate of Sulin, 204 So.2d 28 (Fla. 2d DCA 1967).