## STATE OF FLORIDA v QUINN
### Appellate Case No. 85-2503 E
Thirteenth Judicial Circuit, Hillsborough County
January 9, 1986.

## OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

The State appeals an order granting Defendant's Motion To Vacate Judgment And Sentence and further granting the Defendant a new trial. That Order is reversed because the trial court was without jurisdiction to grant the requested relief.

The Defendant was charged in a uniform traffic citation with driving or being in actual physical control of a motor vehicle while impaired by alcoholic beverages. On December 11, 1984, the Defendant entered a plea of nollo contendre to that charge. The Defendant was represented by counsel. More than 60 days later, on February 13, 1985 the

Defendant, represented by different counsel, filed a motion entitled "Motion for New Trial, Motion to Arrest Judgment, Motion to Vacate and Set Aside Sentence". The motion reflected that it was being made pursuant to Rules 3.580, 3.610 and 3.800 Fla.R.Crim.P., Rule 3.580 was cited twice.

Rule 3.800 relates to the correction, reduction and modification of sentences and therefore appears to have no application to the situation herein. Moreover, inasmuch as more than 60 days had elapsed since the imposition of sentence the trial court was without jurisdiction to proceed under the provisions of Rule 3.800. *Wolfson v. State*, 437 So.2d 174 (Fla. 2d DCA 1983).

Rule 3.580 relates to the granting of a new trial. Rule 3.610 relates to motions for arrest of judgment. Motions made pursuant to these rules provisions must however be filed within 10 days after the rendition of the verdict or the findings of the court. Rule 3.590 Fla.R.Crim.P. The time limits set out in Rule 3.590 are jurisdictional, *e.g.*; *State v. Robinson*, 417 So.2d 760 (Fla. 1st DCA 1982); *Tafero v. State*, 406 So.2d 89 (Fla. 3d DCA 1981); *Fuller v. Williams*, 393 So.2d 651 (Fla. 5th DCA 1981); *Sayer v. State*, 267 So.2d 42 (Fla. 4th DCA 1972). Therefore, the trial court was without authority to hear a motion filed pursuant to either Rule 3.580 or 3.610.

In their briefs, both the State and the Defendant argue that rule 3.850 Fla.R.Crim.P. is not applicable herein. This court concurs, the provisions of that rule are inapplicable to the instant case. The parties also both cite *Baldasar v. Illinois*, 446 U.S. 23 (1980), and aver that it too is inapplicable herein. Again, the court concurs.

Accordingly, since the trial court was without jurisdiction to vacate judgment and sentence and grant a new trial the order appealed from is hereby vacated and remanded for further proceedings consistent with this opinion.

Dated this 9th day of January, 1986.