J. C. GREELEY, APPELLANT, VS. FANNIE B. PERCIVAL ET AL., APPELLEES.

1. Where there is a verdict and motion for a new trial, and a denial of the motion, and subsequently, at the same term, there is a vacation of the order refusing a new trial, and a continuance of the motion, and a supersedeas granted, and at the succeeding term of the court the motion for a new trial is refused and final judgment entered on the verdict, the latter term is "the term of the court at which the verdict is rendered or trial had," within the meaning of Rule 97 of Circuit Court Rules, prescribing the term when a bill of exceptions shall be made up and signed or a special order for further time allowed. Such also would be the law had such judgment been in fact entered at the former term.

2. Where there is an order made in term allowing further time for making up and signing a bill of exceptions, and the bill bears date as signed within the time allowed, and there is a mere recital in the record that the bill was signed after the expiration of the time "*nunc pro tunc*," it will be assumed, even if any effect is to be given to the recital, that the bill was presented to the Circuit Judge within the time allowed, and such bill will be treated by the Supreme Court as properly before it.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*A. W. Cockrell & Son* for the motion.

*R. B. Archibald, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The appellees move " to strike from the record in this, cause what purports, as copied therein, to be a bill of exceptions, upon the ground that the said bill of exceptions, was not signed or established at the term of the court in which the trial was had and the verdict rendered ; nor was the time for establishing said bill of exceptions enlarged by an order of the court, entered upon the minutes. of the court of that term ; nor was it otherwise established as required by law."

The record shows that there was a verdict for the appellees, who was plaintiffs below, at the fall term of the Circuit Court for Duval county. Greeley moved for a new trial and the motion was denied and ten days were allowed to prepare a bill of exceptions. Afterwards, at the same term, he moved "to open and grant a rehearing " of the motion 'for a new trial, and the court made an order by which the order denying a new trial was vacated, and the motion for a new trial continued, and a *supersedeas* granted. According to the transcript of the record before us, no further proceedings were had at the fall term, 1883, but at the following spring term, 1884, the motion for a new trial was denied, and Greeley allowed, on the 19th day of June, fifteen days to prepare a bill of exceptions, and then at such spring term final judgment was entered for the plaintiff on the verdict, and after the term Greeley appealed to this court. The bill of exceptions bears date June 30th, 1884, and is signed by the Judge of the Fourth Circuit.

Below the signature is the following memorandum or statement, in the transcript: "The foregoing bill of exceptions is signed "*nunc pro tunc* this 12 Jan., 1885"; which is without signature, and appears as a mere recital in the record.

It is claimed by the attorney for the motion that under Rule 97 of the Circuit Court Rules, which requires that the bill of exceptions shall be made up and signed at the term at which the "verdict is rendered or trial had," that the bill should have been settled and signed at the Fall Term, 1883, or within time allowed by an order made at such term, as the verdict and actual trial of the case was at such term.    Had the judgment actually been entered at such term it is our opinion, in view of the vacation of the order denying a new trial, and the continuance and *supersedeas*, that there was no conclusion in law of the trial until the final action of the court at the Spring Term, 1884.    In The People vs. Gary, 105 Ill., 270, where the judgment was actually entered before the motion for a new trial was made, and the court adjourned without disposing of the motion, it is said: "In Evans' case, (Evans vs. Fisher, 5 Gilman, 453,) cited above, it is said: 'A bill of exceptions should be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent, or the Judge by an entry on the record directs it, may be prepared in vacation and signed *nunc pro tunc*.'    Of course what is meant by the expression the term in which the cause is tried, is the term at which the final judgment is rendered in the cause.    It would be a useless labor for a party to prepare a bill of exceptions before the motion for a new trial had been passed upon, as it could not be known whether the bill would be needed until the final action of the court on the motion.    Here petitioner did not present a bill of exceptions at the time the motion for a new trial was overruled,

but he procured an order extending the time, and in the time prescribed by the court a bill of exceptions was prepared and presented to the Judge for his signature. This was, in our judgment, apt time." Under Rule 97 we think that the Spring Term, 1884, was the proper term at which to tender and settle the bill of exceptions or obtain an order for further time. It is contended for the motion that by a proper reading of the record the judgment was really entered at the Fall Term, 1883. Assuming such to be the fact, though we do not so perceive, still in our opinion the trial was not concluded till the motion for a new trial was finally disposed of at the Spring Term, 1884.

Even if we give any effect to the statement in the records as to a "*nunc pro tunc*" signing, we are to presume that the bill of exceptions was presented to the Judge of the Circuit Court within the time allowed by the order made at the Spring Term, 1884, and that he retained it till January 12th, 1885, before acting finally on it. In cases of such delay by the Judge the bill of exceptions will be treated as properly here and considered accordingly. Mayo vs. Hinote, 16 Fla., 673.

The motion is denied.