REBECCA L. MYRICK, APPELLANT, VS. ALEXANDER MERRITT, APPELLEE.

When during the term of a court the Judge presiding has, under rule 97, granted further time for making up and signing a bill of exceptions, he is not empowered by the act of the Legislature of February 20th, 1879, chap. 3121, to grant in vacation another order further extending the time.

Appeal from the Circuit Court for Jackson County.

Motion to strike bill of exceptions from the record.

The facts of the case are stated in the opinion.

*Liddon & Carter* for the motion.

*John W. Malone, contra.*

THE CHIEF-JUSTICE delivered the opinion of the court:

Counsel for appellee moved the court to strike the bill of exceptions from the record upon the ground that it was not signed by the Circuit Judge within the time prescribed by the rules. The facts of the case are as follows : The judgment was entered in the court below on the 5th of June, A. D. 1885. On the 6th day of June and during that term an order was made allowing thirty days to present a bill of exceptions.

On the 6th day of July the Judge in vacation made a further order extending the time for presenting the bill of exceptions thirty days. On the 31st of July the Judge made a further order extending the time thirty days. On the 25th of August and within the last extension of time the bill was presented and signed.

Rule of Circuit Court in Common Law actions, No. 97, prescribes that the bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or the trial had, unless by special order further time is allowed.

Further time was allowed by the Judge and the order was entered in the minutes of the court. When the Judge made the second order on July 6th the court had adjourned. The question is did the Judge have the power to make the orders granting further time in vacation? Counsel for appellant insist that he had the power to do so by virtue of the act of the Legislature, chap. 3121, 1879.

This act provides that the Judges of Circuit Courts of the State of Florida are authorized and empowered to exercise in vacation any jurisdiction or power they are now authorized and empowered to exercise in term time. The language of this act is very broad, but we cannot come to the conclusion that the Legislature ever intended to authorize a Circuit Judge in vacation to modify or undo anything he had done during the term.

When the court adjourned he had lost all power to revise or review any previous ruling or order made while the court was in session.

If the Judge having set a time for the signing of the bill of exceptions during the term, had signed the minutes and adjourned the court, and afterwards in vacation changed the time allowed by his first order made in term, he would undo in vacation what he had done in term. Even in term time he could not undo or alter his rulings or orders in a former term, and it certainly was not the intention of the statute to give him greater power in vacation after adjournment of court than he would possess in term time at the succeeding session of the court.

It is of no consequence that the order was changed by extension. If he had the right to extend the time, he had also the right to shorten it and yet in the latter case he would directly undo his action in term. If the act would bear the construction sought to be put on it by counsel for appellant, a party who had entered his appeal might disregard the rule altogether and apply to the Judge in vacation to sign his bill of exceptions in the first instance.

Such a construction would not only authorize and empower the Judge to do in vacation what he "is now empowered and authorized to do in term time" which is its whole extent, but would authorize him to do in vacation

what he might have done or ought to have done in term, but did not, or to alter and change in vacation what he did in term.

The act authorizes him to do in vacation what "he is now empowered and authorized to do in term time." The inquiry then is what was he empowered to do at the time of the passage of the act in term time? Certainly not to revise or alter or undo what had been done at a previous term. The statute did not propose to confer on him any greater power in vacation than he had in term, but exactly the same. The construction sought would authorize him to do in vacation what he was not authorized to do in term.

On the 6th day of July the court in which the judgment was rendered had adjourned. It was in vacation an application was made to the Judge for an order.

The law gives him the same power in vacation as in term. That is the same power as if at the time of applying for the order the court was in session. For the purpose of the application or motion it is virtually a term of the court. If it is a term, what term is it? To authorize the Judge to review his own action it would have to be presumed that it was an extension of the last term and its adjournment was for nothing and that the statute had made one never-ending term of the court. It certainly cannot be claimed that this was the intention of the Legislature.

There would be no such thing as a finality of litigation. The peace of society which the law says demands that when a cause has once been submitted to its arbitrament it should be at rest forever, could be disturbed at any time if a Judge were authorized to undo or set aside in vacation what he had done long before in term. The proper construction of the statute is, that the making a motion in vacation is to be considered as though made at a subsequent

term to the last adjourned term. That the act limits his power in vacation to such acts as he could lawfully do in term, and having no power in term to review the action of a former term, it cannot be construed to confer such a power on him in vacation.

The argument that the act of the Judge, on the 6th of July, after the adjournment of the court, was good, because the statute provides that he may exercise in vacation any power that " he can now exercise in term," and because he *might have done* the same act at a past term, is untenable. Such a construction would confer on him greater power in vacation than he ever had in term over the act of a past term.

Motion granted.