GEORGE LEWIS, EXECUTOR OF THE LAST WILL AND TESTA-
MENT OF JAMES D. WESTCOTT, DECEASED, APPELLANT, VS.
DANIEL B. MEGINNISS, JR., APPELLEE.

1. Circuit Court Rule 97 provides that the bill of exceptions shall be
made up and signed during the term of the court unless by
special order further time is allowed. The time allowed by an
order will be held to mean time in addition to the remainder of
the term of the court, unless there is something in the order or
record evidencing a contrary intent.

2. An order of the Circuit Court allowing an appellant thirty days
in which to make up his bill of exceptions, means thirty days
subsequent to the adjournment of the term.

Appeal from the Circuit Court for Leon county.

The facts of the case are stated in the opinion of the
court.

Motion to strike the bill of exceptions.

*Fred T. Myers* for the motion.

*R. W. Williams contra.*

RANEY, C. J.: Appellee moves to strike the bill of ex-
ceptions from the transcript of the record, because it shows
upon its face that it was tendered to and signed by the
Circuit Judge after the term at which the judgment was
rendered, and after the time allowed by the order for mak-
ing up and tendering the same. An order made by the
Circuit Judge April 25, 1889, refusing a motion for a new
trial, concludes thus: " To the overruling of which motion
defendant, by his attorney, excepts, which exception is no-
ted; and defendant allowed thirty days in which to make
up his bill of exceptions and perfect his appeal."

The language of the Circuit Court Rule 97, in so far as
applicable to this controversy, is as follows : " The bill of

exceptions shall be made up and signed during the term of the court, unless by special order further time is allowed." "Further time" means time beyond the expiration of the term, for without an order the bill of exceptions can, under the well understood practice, be settled at any time during the term. Marks vs. Boone, 24 Fla., 177; S. C., 4 So. Rep., 532; Greeley vs. Percival, 21 Fla., 429. Where there is nothing upon the face of the order, or in the record, showing a contrary intent as to the commencement of the time allowed, the order must be construed as fixing it at the expiration of the term of the court. A different construction would be in conflict with the purpose of the rule to secure an additional privilege to an appellant. Viewing this order in connection with the rule, its meaning and effect are to give the appellant thirty days which he would not have had without it, for settling his bill of exceptions, or, in other words, thirty days after the expiration of the term, and as it is not contended that this bill of exceptions was not tendered to the Judge, or even that it was not settled and signed by him, within thirty days after the adjournment of the Circuit Court, the motion must be denied.

It may perhaps be well to remark that the practice of incorporating into orders of this kind language which implies the grant of additional time for *taking* or *perfecting an appeal* may lead to injurious consequences. The statutes fix the time within which an appeal must be taken, and it is not within the power of the court to extend this time. Should more than thirty days from the adjournment of a term be allowed for settling a bill of exceptions, this would not extend, nor is it in the power of the court to extend, the limitation prescribed by the statute for taking appeals, viz : during the session of the court at which the judgment has been rendered or within thirty days thereafter. Thompson's Digest, sections 1, 2 and 3, p. 446; acts of

1877, p. 52, chapter 3008; McClellan's Digest, section 2, p. 840; Barrs vs. Creary, 23 Fla., 61; S. C., 1 So. Rep., 335.

The motion is denied.