ALEXANER REHFIELD, AS EXECUTOR OF THE ESTATE OF I. H. REHFIELD, DECEASED, *Paintiff in Error*, v. MARY R. MOORE, *Defendant in Error*.

Opinion Filed October 11, 1918.

1. The time allowed by the Court for the presentation of a bill of exceptions begins to run when not otherwise specified in the order from the end of the term at which the order is made.

2. The Trial Court has the power to continue a motion for a new trial to a subsequent term of the Court and such action

continues the Court's jurisdiction of the case to such sub-
sequent term for the purpose of disposing of the motion.

3.  The entry of a motion for a new trial does not prevent
    the entry of a judgment on the verdict and if the motion
    is carried over to a subsequent term such action does not
    operate as a supersedeas unless so ordered by the Court.

4.  Where at the December Term of the Court of Record for
    Escambia County a motion for a new trial in a case pend-
    ing was entered, but not decided until the January Term
    following, at which the motion was overruled and sixty
    days were allowed the movant in which to present a bill
    of exceptions, *Held*, that the time began to run from the
    last day of the January Term of the Court.

Motion to strike denied.

*Blount & Blount & Carter*, for the motion;

*John P. Stokes* and *Watson & Pasco*, contra.

ELLIS, J.—The defendant in error moved to strike the
bill of exceptions from the transcript of record upon the
ground that the bill of exceptions was not presented nor
signed at the term of the court at which the verdict was
rendered and trial had, nor within the time permitted
by the special order allowing the defendant below, who
is the plaintiff in error here, for presenting the same.

The facts as disclosed by the record are that the trial
occurred and verdict was rendered on Decembre 5th,
1917, and judgment was entered on the same day for
the plaintiff, Mary R. Moore. The case was tried in the
Court of Record of Escambia County. A motion for a
new trial was filed in behalf of the defendant on Decem-
ber 8, 1917.   On February 26th, 1918, the judge of the

court made an order denying the motion for a new trial and allowing the deefndant "sixty days within which to prepare and present his bill of exceptions." The bill of exceptions was presented to and signed by the judge on the 30th day of April, 1918. Six terms of the Court of Record are held each year. The terms beginning on the second Monday in March, May, July, September, November and the fourth Monday in January. The trial was had, the verdict rendered and the judgment was entered during the November term of the court; the motion for a new trial was denied and the special order made during the January term and the bill of exceptions was signed after the March term had begun.

Circuit Court Law Rule No. 97 requires that the bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed.

If the mere carrying of the motion for a new trial over to the January term of the court and the decision on that motion of that term made at the term at which the trial was had or the verdict rendered, then the motion to strike should be denied, because the time allowed in which to present a bill of exceptions begins to run when not otherwise specified from the end of the term at which the order is made. Lewis v. Meginniss, 25 Fla. 589, 6 South. Rep. 169. But if the order of the court upon the motion should be considered as an order made in vacation or at a special term for this case, then the motion should be granted because the bill of exceptions should have been presented within sixty days from the date of the order, the special term ending with the day on which the order was made.

We see no occasion for any fiction as to the term at

which the court acted upon the motion, whether it was a special or general term of the court. The order upon the motion was made after the beginning of the January term and before the beginning of the March term. There is nothing in the record to show that the January term had ended when the order was made; on the contrary, a certificate of the clerk attached to the brief for plaintiff in error shows that the order was made during the regular January term, which continued until March 9th, 1918. Therefore whatever the court did in this case was done during a regular term of the court. The judge's powers to act rested upon no statute providing for the making of orders in vacation nor fiction of law that as to the particular case it was a special term, but his powers were those of a judge of the court in term time, and the case was one disposed of during a regular term.

We think the case of Greeley v. Percival, 21 Fla. 428, should control the decision upon this motion. In that case a trial was had and verdict rendered at the fall term, 1883; at that term a motion for a new trial was made and denied, and ten days allowed to prepare a bill of exceptions; afterwards at the same term the order denying a new trial was vacated, the motion for a new trial continued and a supersedeas granted. At the following term, which was the Spring term, 1884, the motion for a new trial was denied and judgment was entered, fifteen days being allowed in which to present bill of exceptions. It was held that the Spring term, 1884, was the proper term at which to tender and settle the bill of exceptions or obtain an order for further time.

It was contended in behalf of the motion to strike the bill of exceptions that a proper reading of the record showed that the judgment was entered at the Fall term, 1883. This court conceding that to be the case

said: "Still in our opinion the *trial* was not concluded till the motion for a new trial was finally disposed of at the Spring term, 1884." The circumstance of a supersedeas having been granted seemed to have been considered as having some bearing upon the case.

In the instant case the judgment was actually entered at the Decemebr term and the record does not·show an order of continuance nor a supersedeas granted; but the motion for a new trial was made at the December term was not disposed of until the succeeding January term.

In the case of Greeley v. Percival, *supra,* the court quoted with approval from the opinion in People v. Gary, 105 Ill. 264, text 270, in which it was said: "It would be a useless labor for a party to prepare a bill of exceptions before a motion for a new trial had been passed upon, as it could not be known whether the bill would be needed until the final decree of the court on the motion." This court in Atlantic Coast Line R. Co. v. Mallard, 53 Fla. 515, 43 South. Rep. 755, quoted the headnote in Stocking v. Morey, 14 Colo. 317, 23 Pac. Rep. 343, which is as follows: "Where a trial is had to the court and its findings announced, an undertermined motion for a new thria operates to reserve the case and continue the jurisdiction beyond the term for the purpose of disposing of the motion and settling a bill of exceptions." As in that case, so in this, if the motion for a new trial had been granted, the plaintiff in error would have had no occasion for a bill of exceptions, and in that case it would have been a useless work involving unnecessary expense to have required him to prepare it before the motion was decided.

We think the court had the power to continue the motion to a subsequent term for determination, and that such action continued the court's jurisdiction of the case

to such subsequent term for the purpose of disposing of the motion and settling the bill of exceptions. See Reed v. Lane, 96 Iowa 454, 65 N. W. Rep. 380.

While there is conflict of authority among some States as to whether a motion for a new trial *per se* stays the entry of judgment or proceedings to enforce it, in this State where the motion stands over from one term to another it operates as a supersedeas only when so ordered by the court; and the entry of the motion for a new trial does not prevent the entry of the judgment on the verdict. Sec. 1608, General Statutes of Florida, 1906, Compiled Laws, 1914. But we do not conceive it to be a question of supersedeas, it is merely a question of the court's power to allow the motion to stand over to the next term, this power we think exists and when it is exercised the jurisdiction of the court over the case is continued for the purpose of disposing of the motion and settling the bill of exceptions, in which case the time runs from the last day of that term.

The motion to strike the bill of exceptions is denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.