C. E. LANIER, T. H. LANDER, C. A. SKIPPER AND W. T. TOUCHTON, *Plaintiffs in Error*, v. W. SHAYNE, DOING BUSINESS AS DIXIE MUSIC COMPANY, *Defendants in Error*.

Opinion Filed February 23, 1923.

1. Section 2531 Revised General Statutes, 1920, providing that "the judges of the several courts are hereby authorized and empowered to exercise in vacation any jurisdiction or power they are now authorized and empowered to exercise in term time," gives to a Circuit Judge the same power in vacation as in term; that is, the same power as if at the time of applying for the order the court was in session. For the purpose of the application or motion it is virtually a term of the court. The proper construction of the statute is, that making a motion in vacation is to be considered as though made at a subsequent term to the last adjourned term. Myrick v. Merritt, 21 Fla. 799.

2. What the judge does in vacation in cases properly brought before him, is considered, as to such cases, as done in term.

3. The space of time during which a court holds a session for the purpose of hearing and deciding any matters in vacation, is a term of court for such purposes, and it ends on the expiration of the day 'on which the final judgment is rendered.

4. Where a Circuit Judge enters a judgment in vacation, and does not on that day make a special order extending the time for presenting a bill of exceptions, he is without authority to sign a bill of exceptions at a subsequent date: and if he does so a motion to strike the bill of exceptions will be granted.

A Motion to strike the Bill of Exceptions.

Motion to strike granted.

*Whitehurst* & *Whitehurst* and *W. W. Whitehurst*, for Plaintiffs in Error;

*Leitner* & *Leitner*, for Defendants in Error.

BROWNE, J.—This is a motion to strike the bill of exceptions from the transcript of the record in a cause brought here by writ of error from a judgment of the Circuit Court in vacation, upon the ground that it was not signed by the Circuit Judge within the time prescribed by the rules.

The proceeding was under the provision of Section 2826, Revised General Statutes, to stay an execution on the ground of the illegality of the judgment.

Chapter 3121 of the Acts of 1879, which was substantially the same as Section 2531, Revised General Statutes, providing that the judges of the Circuit Court are "authorized and empowered to exercise in vacation any jurisdiction or power they are now authorized and empowered to exercise in term time," was held, in Myrick v. Merritt,

21 Fla. 799, to give to the Circuit Judge "the same power in vacation as in term. That is the same power as if at the time of applying for the order the court was in session. For the purpose of the application or motion it is virtually a term of the court. * * * The proper construction of the statute is, that the making of a motion in vacation is to be considered as though made at a subsequent term to the last adjourned term."

In the case of McGee v. Ancrum, 33 Fla. 499, 15 South. Rep. 231, this court said: "What the judge does in vacation in cases properly brought before him, is considered, as to such cases, as done in term."

The case under consideration was heard on July 19, 1922, at which time the court found, that the execution and judgment were both valid and legal, and that C. E. Lanier and T. H. Lander as principals with C. A. Skipper and W. C. Touchton as sureties had given bond to the plaintiff in the sum of $4094.82, and directed the clerk of the Circuit Court to ascertain the full amount of the execution, principal, interest and costs to date, and enter judgment for said sum against the principals and sureties. On the same day the clerk entered judgment in accordance with the order of the court.

On September 11, 1922, a bill of exceptions was presented to the Circuit Judge, and over the objection of counsel for defendant in error was on that day signed without an order previously made extending the time for presenting it.

In passing on the objection to signing the bill of exceptions, the court held that as the "hearing was not in the term time, but in vacation, the objection is overruled and the bill of exceptions settled."

It is contended by the plaintiff in error in accordance with the ruling of the Circuit Judge that because the judgment was entered in vacation and not at term time, it is not governed by Circuit Court Rule in Common Law Actions, No. 97.

Under the common law a bill of exceptions had to be presented and signed by the judge at the time the order or ruling excepted to was made, and when so signed became a part of the record. In the progress of the trial of a cause, there could be any number of such bills of exceptions.

Circuit Court Rule No. 97 authorizes the making up and signing bills of exceptions after the term, where by special order further time is allowed.

The time during which a court holds a session for the purpose of hearing and deciding any matters in vacation is a term of court for such purposes, and it ends on the expiration of the day on which the final judgment is rendered.

For the purpose of the application in this proceeding the term of court was held on the 19th day of July, 1922, and expired at the end of that day. If the bill of exceptions was not then presented to the judge, he could have made a special order allowing further time for its presentation. This was not done, but it was presented to and signed by him on the 11th of September, 1922.

The effect of the contention of the plaintiff in error is that where a judgment in a common law proceeding is entered in vacation, there is no limit to the time when a bill of exceptions may be presented and signed by the judge, without a special order extending the time beyond

the term when the judgment is entered.   To state the proposition is almost to answer it against this contention.

The Circuit Judge not having, at the term when the judgment was entered, to-wit, on the 19th day of July, 1922, made an order extending the time for presenting the bill of exceptions, he was without authority to sign the same thereafter, and the motion to strike the bill of exceptions is granted.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.