LILLIE SIKES WORRELL, *Appellant*, v. M. ELLEN FORD, *Appellee*.

Division B.

Opinion Filed November 19, 1925.

Petition for Rehearing Denied December 19, 1925.

1. The term at which the motion for new trial in an action at law was heard and denied, is "the term of the court at which the verdict was rendered or the trial had" within the meaning of Rule 97 of Circuit Court Practice, which provides that "the bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed.

2. The general rule is that a trial at law is not concluded, although there be verdict and judgment, until the motion for new trial where one is lawfully interposed, is disposed of.

A motion to strike the bill of exceptions.

Motion denied.

*Judson & Hopper*, for Appellant.

*J. W. Howell*, for Appellee.

BROWN, J.—Appellee filed a motion to strike the bill of exceptions in this case, upon the ground that it was not tendered or signed during the term at which the trial was had and the verdict and judgment entered, as required by Rule 97 of Circuit Court Practice. It appears from the record that trial was had at the fall term of Polk County Circuit Court, and verdict and judgment entered on October 31st, 1924, in favor of the plaintiff, M. Ellen Ford. Motion for new trial was filed by defendant, Worrell, with-

in four days. The motion for new trial was heard and denied at the subsequent or spring term of the court, on June 2nd, 1925, and the bill of exceptions was presented to the judge on July 27th, and signed by him on July 29th, 1925, during the same term in which the motion for new trial had been argued and denied. The latter term is the "term of the court at which the verdict was rendered or the trial had" within the meaning of Rule 97 of Circuit Court Rules, which provided that "the bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed." The general rule is that a trial at law is not concluded until the motion for new trial where one is lawfully interposed, and retained for consideration, is disposed of. Greeley v. Percival, 21 Fla. 428; Rehfield v. Moore, 76 Fla. 378, 80 South. Rep. 52; Live Oak Ry. Co. v. Holmes, 85 Fla. 463; McClellan v. Wood, 78 Fla. 407, 83 So. 295; A. C. L. R. Co. v. Mallard, 53 Fla. 515, 43 So. 755.

The motion is accordingly denied.

WEST, C. J., AND WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.

ON PETITION FOR REHEARING.

1. The time allowed by the court for the presentation of a bill of exceptions begins to run when not otherwise specified in the order from the end of the term at which the order is made.

2. Where pursuant to an order entered in the minutes of the court during the term in which the motion for new trial was finally determined, a bill of exceptions was, after the adjournment for the term, but within the time allowed by the order presented to the trial judge for authentication and was by the judge subsequently authenticated a motion to strike the

bill of exceptions on the ground that no order was made extending the time for presenting the bill of exceptions, will be denied.

Rehearing denied.

*Judson & Hopper*, for Appellant;

*J. W. Howell*, for Appellee.

WHITFIELD, J.—It appears from the transcript of the record that the verdict and judgment herein were rendered on October 31, 1924. A motion for new trial was made November 3, 1924, within four days after the date of the verdict and during the term of the court. Apparently the motion for new trial was not disposed of during the same term of court. The bill of exceptions signed by the judge states that "the said motion coming on to be heard on the 28th day of May, A. D. 1925, at a subsequent term, the court, upon consideration of said motion, on the 2nd day of June, A. D. 1925, denied the same, to which ruling the defendant then and there excepted." This statement in the signed bill of exceptions indicated that the motion for new trial was "heard" and "denied" "at a subsequent term"; and this was not overcome by a mere motion to strike the bill of exceptions on the ground that "the motion for new trial came on for hearing in vacation" and was overruled, but at that time no bill of exceptions was tendered and no order was made extending the time for presenting a bill of exceptions. If the motion for new trial duly made at the Fall term was not disposed of at that time, but was heard "at a subseqeunt term," the bill of exceptions could be presented for authentication by the judge at any time during such "subsequent term" without a special order, and there was no showing that the term of the court had ended when the bill of exceptions was presented on July 27, 1925, or when

·the same was signed by the judge July 29, 1925. As the
burden was on the movant to establish the grounds of his
motion when predicated upon matters not contained in the
record, and as it did not appear by the record that the mo-
tion for new trial was in fact heard and overruled in vaca-
tion, the statement over the signature of the judge that the
motion for new trial was heard and denied "at a subsequent
term" was properly taken to mean that a term of court was
in session when the motion for new trial was disposed of,
and nothing to the contrary appearing in the record, it was
assumed that the bill of exceptions was presented to and
signed by the judge during the term in which the motion
for new trial was denied. On the showing made the motion
to strike the bill of exceptions was properly denied.

A petition for rehearing is predicated upon the assump-
tion that the motion for new trial was in fact heard and
denied in vacation, and that the bill of exceptions was not
authenticated at the time the motion was denied, and that
no order was then made extending the time for presenting
a bill of exceptions. This court has had certified to it the
order of the Circuit Court for Polk county adjourning for
the term on June 11, 1925, and the order made on the orig-
inal motion on May 28, 1925, denying the motion for new
trial, noting an exception thereto and granting an extension
of time to prepare and present bill of exceptions, and the
order as entered "in Minute Book 'E,' page 26.'" The
orders as certified are as follows:

"M. ELLEN FORD, *Plaintiff*,

v.                                    Ejectment.

LILLIE SIKES WORRELL, *Defendant.*

" After argument on this 28th day of May, 1925, the fore-
going Motion is hereby denied.

"Done and ordered at Chambers in Lakeland, Florida,

this June 2nd, 1925. Defendant excepts. Defendant grant-ed 60 days to prepare and present Bill of Exceptions.

H. C. Petteway, Judge.''

''M. Ellen Ford, Plaintiff, v. Lillie Sikes Worrell, Defend-ant.—In Ejectment Motion for New Trial.

''Filed Motion for New Trial November 3rd, 1924.

''After argument on the 28th day of May, 1925, the fore-going motion is hereby denied.

''Done and ordered at Chambers in Lakeland, Florida, this June 2nd, 1925.

''Defendant given 60 days to prepare and present Bill of Exceptions.            H. C. Petteway, Judge.''

''In the Circuit Court of the Tenth Judicial Circuit of the State of Florida, in and for Polk County.

''There being no further business before the Court, ready for trial, it is ordered that all Causes, Informations, Re-cognizances, Motions, Deferred Sentences stand Continued, until the next Term of said Court, and that the Court do now stand adjourned Sine Die. This 11th day of June, A. D. 1925.            H. C. Petteway,

Judge of the Circuit Court Polk County, Florida.''

This shows that the statement in the motion to strike the Bill of Exceptions that ''no order was entered on the min-utes of said court extending the time for the presentation of the bill of exceptions, is without foundation in fact. The bill of exceptions states that the motion for new trial was ''at a subsequent term'' denied on June 2, 1925, and that the defendant excepted to the ruling.

The sixty days allowed for presenting a bill of exceptions, not being otherwise limited, means sixty days from the end of the term. Lewis v. Meginnis, 25 Fla. 589, 6 South. Rep. 169; Rehfield v. Moore, 76 Fla. 378, 80 South. Rep. 52.

As the bill of exceptions was, pursuant to an order en-tered in the minutes of the court, presented to the trial judge for authentication on July 27, 1925, less than sixty

days from the final adjournment of the court on June 11, 1925, the motion to strike the bill of exceptions is not well made.

Rehearing denied.

BROWN, C. J., AND ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.