MAULE OJUS ROCK COMPANY, *Plaintiff in Error*, vs. E. K. LUMPKIN, *Defendant in Error*.

144 So. 405.

En Banc.

Opinion filed November 16, 1932.

264

*J. Julien Southerland* and *Loftin, Stokes & Calkins,*
all of Miami, for Plaintiff in Error;

*Collins & Collins,* of Miami, and *Waller & Pepper,* of
Tallahassee, for Defendant in Error.

## ON REHEARING.

PER CURIAM.—In this case the bill of exceptions against which a motion to strike has been directed, appears in the transcript properly authorized by the signature and certificate of Judge W. W. Trammell, the trial judge. No objection appears to have been made to the act of the trial judge in signing the bill of exceptions because it was out of time when it was presented for settlement and authentication. Apparently when the bill of exceptions in question was signed and settled, every one connected with the case took it for granted that it had been presented in time and was being signed within time. Had any objection to signing been made to the Circuit Judge before he signed it, the trial Judge would then have been required to determine the propriety of the objection, and would have been in duty bound to have refused to sign the bill presented to him had the objection been well taken to the effect that the bill of exceptions was not tendered within the time limit prescribed by law. But as has been stated, no such objection appears to have been urged in the lower court, so for the first time this Court is asked to consider such objection by means of a motion made in the appellate court to strike the bill of exceptions as being invalid because not signed at the term the trial was had and verdict rendered as required by Rule 97 of the practice.

A majority of the Court are of the opinion that the motion to strike the bill of exceptions was properly denied in the first instance and that no rehearing of the Court's action in that particular should be granted. See Greely vs. Percival, 21 Fla. 428; Rehfield vs. Moore, 76 Fla. 378, 80 Sou. Rep. 52; Worrell vs. Ford, 90 Fla. 571, 107 Sou. Rep. 193.

But assuming, for the sake of argument, that the parties to this writ of error have so entangled themselves

by technical misprisions that they cannot release themselves from the consequences of their alleged failure to observe a pure technicality with respect to the time allowed for the preparation, presentment and signing of the bill of exceptions, the fact remains that the bill of exceptions is now in the transcript of the record on file in this Court; that it has in fact been verified and signed as correct by the Circuit Judge; and that he has so authenticated it without objection in the belief that it was properly presented and signed by him during the term at which the judgment was rendered instead of during the term at which the verdict was returned.

Section 4624 C. G. L., which is Section 1 of Chapter 12322, Acts of 1927, provides in part as follows:

". . . in every case where it shall appear to the Supreme Court that any bill of exceptions in any cause has actually been made up and duly authenticated in accordance with one of the several modes of authentication provided by law, and is actually incorporated in the transcript of the record, said Supreme Court shall have authority to recognize and consider such bill of exceptions in the furtherance of justice, notwithstanding it may appear that such bill of exceptions was not tendered or filed in the lower court within the time allowed by law or order of the Court," etc.

A majority of the Court are of the opinion that this statute of 1927 authorizes this Court to consider and allow to stand a bill of exceptions, such as the one involved in the present case, when it appears to have been actually made up and duly authenticated in accordance with one of the modes of authentication provided by law, and also appears actually incorporated in the transcript of the record, notwithstanding it may appear that such bill of exceptions was not tendered or filed in the lower court within the time allowed by law or order of the court fixing the time for presenting and signing it.

The purpose of the statute was to meet the precise situation we have had presented to us in this case. Here the bill of exceptions has been duly authenticated by the trial judge in accordance with one of the several modes of authentication provided by law. In this case also no objection whatsoever was made to such authentication prior to the time a transcript of the record with such bill of exceptions actually incorporated therein was filed in this Court. Therefore, whatever may be the rule as to the proper time for signing and settling a bill of exceptions when a trial is had at one term of court and the judgment not entered until a succeeding term, the fact remains that under the statute of 1927 above referred to, this Court is given authority to recognize and consider such bill of exceptions in the furtherance of justice, notwithstanding that it may appear that such bill of exceptions was not tendered or filed in the lower court within the time allowed by law or court order.

Had the trial judge refused to sign the bill of exceptions as being presented out of time, the statute gives us no power to consider it. Only bills of exception which are actually authenticated and which appear in the transcript of the record are within the purview of the statute. But when the trial judge has actually "authenticated" a bill of exceptions and such bill of exceptions is properly made to appear in the transcript, the statute does expressly give us power to allow the bill to stand, if to do so is "in furtherance of justice."

We hold that when a bill of exceptions is not objected to in the trial court as being presented for settlement and authentication out of time, and such bill of exceptions appears to have been duly settled and signed and to have been actually incorporated in the transcript of the record brought to this Court, that the statute of 1927, Section 4624 C. G. L., requires us "in furtherance

of justice'' to deny a motion to strike such bill of exceptions, raising the objection for the first time in this Court that the bill of exceptions was presented, settled and signed out of time and is therefore invalid.

The petition for rehearing should be denied and it is so ordered.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.

ELLIS, J. (Dissenting).—On June 14, 1932, this Court, having under consideration a motion by defendant in error to strike from the record a motion for a new trial and a motion embraced in the same document to strike the bill of exceptions from the record, granted the former and denied the latter. Thereupon, on June 20, 1932, attorneys for the defendant in error caused to be filed a petition for a rehearing upon the order denying the motion to strike the bill of exceptions.

E. K. Lumpkin, the defendant in error, commenced his action in the Circuit Court for Dade County against Leo B. Ward and obtained a writ of garnishment against The Maule Ojus Rock Company, the plaintiff in error.

The action was upon a promissory note executed by Ward in favor of the Collins Company for $7,000.00 and by that Company assigned and transferred for value before maturity to Lumpkin. A payment was made upon the note after it came into the plaintiff's hands. The writ of garnishment required The Maul Ojus Rock Company to answer on May 3, 1926. Judgment was obtained against Ward in the sum of $7,186.25 on March 20, 1928, and against the garnishee in the sum of $7,939.55 on February 18, 1932.

The case on the issue between the plaintiff and garnishee came on to be tried by a jury on January 26, 1932. The verdict was rendered on the 28th of that month and

the final judgment was rendered and entered on February 18, 1932.

A writ of error was taken by The Maule Ojus Rock Company to that judgment on February 19, 1932. On April 30, 1932, the plaintiff in error made up and tendered a bill of exceptions which was signed by the Judge on the same day.

It was argued by the defendant in error that as the verdict was rendered during the fall term of the court, which adjourned February 8th, and the judgment entered during the succeeding term of the court on the 18th of February, and as no motion for a new trial had been made within the time prescribed by law, which if it had been done might have continued the court's jurisdiction rather continued the term as to this particular case, the bill of exceptions was not presented and signed "during the term of the court at which the verdict is rendered or trial had unless by special order further time is allowed" as required by Rule 97 Circuit Court Law Rules.

Two special orders appear in the minutes as disclosed by the record relating to the time when a bill of exceptions should be settled. One order was dated March 5, 1932, fixing the "time for settling the bill of exceptions" at sixty days from the date of the final judgment. The other was made on the 18th day of April, 1928, which purported to extend the time for "settling the bill of exceptions" up to and including the 2nd day of May, 1932.

Those orders were made during the term following the term at which the verdict was rendered, but were made during the term at which the judgment was entered. The certificate of the Judge recites that the bill of exceptions was presented within the time allowed by the special orders above mentioned which were identified in the Judge's certificate by the dates which the orders bore.

A motion for a new trial is required to be made within

four days after the verdict shall have been rendered and during the same term. Such motions operate as a supersedeas only when ordered by the court, but the entry of the motion does not prevent the entry of the judgment on the verdict. Section 4497 C. G. L. 1927.

The judge however, upon cause shown, may within the four days after verdict and during the same term by order extend the time for making and presenting such motions not to exceed fifteen days from the rendition of the verdict. In such cases a copy of the motion to be presented to the Judge shall be served on the opposite party or his attorney with the three days' notice of the time and place that the same shall be presented and heard. Sec. 4498 C. G. L. 1927.

The above statutory provisions were not strictly followed in this case nor was any effort made to do so, so the motion was stricken. Warner v. Goding, 91 Fla. 260, 107 South. Rep. 406.

In the case of Bunch v. John, 85 Fla. 22, 95 South. Rep. 235, the verdict and judgment were entered at the same term of the court, the motion for an extension of time for the presentation of a motion for a new trial was made within the time required by statute, but the statute was not complied with as to the presentation of the motion to the judge and a service of a written copy of it upon the opposite party or his attorney with three days' notice of the time and place that the motion was to have been presented and heard. In this connection the court said: "The requirements of the statute were not complied with therefore no motion for a new trial was legally presented and the court was without jurisdiction to grant or deny the same."

The same situation exists in this case. No motion for a new trial was in contemplation of law made, and the court was without jurisdiction to grant or deny the same.

That being true it follows that the jurisdiction of the court was not retained nor the term continued for the purpose of disposing of the motion. Now the bill of exceptions in the Bunch case, *supra,* was settled and signed after the term of the court at which the verdict was rendered and at which the judgment also was entered, but as the settling and signing of the bill of exceptions was conditioned upon the consideration and overruling of a motion for a new trial to be presented to the judge as the statute required and the requirements of the statute were not complied with the bill of exceptions was also stricken from the record.

The case at bar and the Bunch case, *supra,* are alike in all respects except as to one feature so far as the question presented herein involved and that is the judgment was not entered in this case at the same term as that at which the verdict was rendered as in the Bunch case, *supra,* but the judgment was entered at the following term. May it be said that because the judgment was entered at a subsequent term to that at which the verdict was rendered the bill of exceptions was made up and signed ''during the term of the court at which the verdict was (is) rendered or trial had?''

The bill of exceptions certainly was not made up and signed at the term at which the verdict was rendered. Was it at the term at which the ''trial was had?''

A trial is a judicial examination of the issues between the parties whether they be issues of law or fact. See 38 Cyc. 1267.

It is the examination before a competent tribunal according to the laws of the land of the facts put in issue in a cause for the purpose of determining such issue. Bouvier Law Dictionary; Finn v. Spagnoli, 67 Cal. 330, 7 Pac. Rep. 746; Spencer v. Thistle, 13 Nebr. 227, 13 N.

W. Rep. 214; Trustees of Swan Township v. McClannahan, 53 Ohio St. 403, 42 N. E. Rep. 34.

In its restricted sense the word means an investigation of the facts only. Mathews v. Clayton Co., 79 Iowa 510'; Jenks v. State, 39 Ind. 1, text 9.

A trial may be considered incomplete until final judgment has been entered. 21 Ency. Pl. & Prac. 957.

If the language of the rule was transposed so as to read "during the term of the court at which the trial was had or verdict rendered" the terms would appear to be synonymous. Why are they not as in their position in the rule? A judgment is merely the result of a trial. 11 Ency. Pl. & Prac. 809. It is the conclusion of law upon the facts found or admitted by the parties or upon their default in the course of the suit. 2 Blackstone's Com. 395; Blood v. Bates, 31 Vt. 147, text 150.

It does not depend upon the arbitrary caprice of the judge but on the settled or invariable principles of justice. In re Sedgeley Av., 88 Pa. St. 509, text 513. It is a final decision entered upon a record. It is the end of the law for which jurisdiction of a court is exercised. Fordyce v. Beecher, 2 Tex. Civ. App. 29.

The purpose of the rule was to prescribe an expeditious method for the review of causes tried in courts of competent jurisdiction. A judgment may be entered at any time after verdict. Months or years may elapse after the verdict or trial, in which case the signing of a bill of exceptions may be postponed for years if the entry of the judgment is considered as a part of the "trial" of the cause in the sense of that term as used in the rule. The making up of a bill of exceptions in no wise depends upon the entry of a judgment. It may be made up and signed after the trial, filed with the clerk and there await the entering of a judgment to which a writ of error may issue.

Any other interpretation of the rule would make for delay and inaccuracy by the difficulty after the lapse of time of presenting the matters in pais which a bill of exceptions is designed to preserve. In this view of the case I am of the opinion that the bill of exceptions should be stricken from the record. It is so ordered.

BROWN, J., concurs.