H. FARRELLY, *et al.,* v. FRED WILLIAM HEUACKER.
149 So. 572.
Order Entered July 13, 1933.

*McKay, Dixon & DeJarnett,* for Plaintiffs in Error;

*Hendricks & Hendricks,* for Defendants in Error.

PER CURIAM.—In this case the motion to strike the bill of exceptions on the ground that it was not signed during the term of court at which the verdict, was rendered and trial had, must be denied on the authority of Maule Ojus Rock Co. v. Lumpkin, 107 Fla. 263, 144 Sou. Rep 405, where this Court held:

"Where bill of exceptions was not objected to below as presented out of time, the bill was duly settled and signed and incorporated in transcript of record, statute required Supreme Court, in furtherance of justice, to deny motion to strike bill (Comp. Gen. Laws 1927, Sec. 4634)."

The failure of counsel to have the bill of exceptions prepared with the testimony stated in narrative form, will not, under our statute, although the statute does not repeal the rule of this Court on the subject, be treated as a ground for striking the bill of exceptions on defendant in error's

motion, where no objection was made at the time the bill was prepared, to the signing of the same by the trial judge without the testimony being stated in narrative form.

This Court, however, commends to counsel the observance of the Court rule requiring testimony in a bill of exceptions, whenever practicable, to be stated in narrative form. And in proper cases this Court will, of its own motion, require a bill of exceptions to be so prepared, in default of which the bill will be ordered stricken.

But since the statute (Section 4610 C. G. L., Section 1, Chapter 12019, Acts of 1927) authorizes the proposal by a party of a statutory bill of exceptions prepared in the form of a stenographer's transcript, such bill, when proposed in that form under the statute, and allowed to be signed by the Circuit Judge, without objection made thereto by the opposite party to the effect that the testimony set forth in the bill should, under the Court rule, be stated in narrative form, will be held sufficient, and this Court will treat the right to object as having been waived by the parties, and will deny a motion to strike the bill of exceptions on the ground of non-compliance with the rules of Court.

Motion denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.