MAULE OJUS ROCK Co. v. E. K. LUMPKIN.

151 So. 505.

Opinion Filed December 7, 1933.

*J. Julian Southerland* and *Loftin, Stokes & Calkins,* for Plantiff in Error;

*Collins & Collins* and *Waller & Pepper,* for Defendant in Error.

PER CURIAM.—This is a writ of error from a judgment against a garnishee. Three trials were had on the issues of fact involved. Two trials resulted in verdicts for the plaintiff against the garnishee. The other was a mistrial. The first verdict for plaintiff was set aside and a new trial awarded. That ruling was affirmed by this Court on writ of error taken from the order granting a new trial. Lumpkin v. Maule Ojus Rock Co., 101 Fla. 64, 153 Sou. Rep. 344.

In the present case the motion for a new trial has been stricken on motion but a motion to strike the bill of ex-

ceptions was denied and a rehearing of that action refused. See Maule Ojus Rock Co. v. Lumpkin, 107 Fla. 263, 144 Sou. Rep. 405.

A careful consideration of the several errors assigned other than the assignment based on the denial of the garnishee's motion for a new trial (which last mentioned assignment is no longer before us) has failed to convince us that reversible error was committed on the third and last trial and has left us with the view that the verdict found, and judgment rendered, comports with substantial justice between the parties in the premises, and therefore the judgment should not be disturbed for such minor technical errors of procedure as may have occurred at the trial with respect to the admission of evidence and the giving and refusing of charges to the jury.

The judgment should be affirmed and it is so ordered.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

ELLIS, J., concurs specially.

BROWN, J., not participating because of illness.

ELLIS, J. (concurring specially).—On April 6, 1926, the defendant in error here brought an action in the Circuit Court for Dade County against Leo B. Ward to recover a balance due of $5,500.00 on a promissory note which Ward had executed in favor of Collins Company and by that company transferred to Lumpkin.

On the 5th day of April, 1926, Lumpkin obtained a writ of garnishment in which The Maule Ojus Rock Company was named as garnishee. The writ was served on the following day. The rock company answered the writ of garnishment on July 5, 1926, after a writ of *scire facias* or order to show why final judgment should not be entered against it. The company should have answered on the rule

day in May.   Sec. 5290, C. G. L., 1927 (Sec. 3437, R. G. S., 1920).

The answer disclaimed knowledge as to whether on the date of the answer it was indebted to Ward, setting up as a reason for its lack of knowledge the following:

"That heretofore, to-wit: on the 12th day of June, 1926, defendant purchased certain lands from the said Leo B. Ward and executed as part payment therefor its promissory note in the sum of Fifteen Hundred Dollars ($1,500.00) payable on demand; that said note has not been paid by this defendant, and it prays judgment of the court whether or not it is subject to garnishment."

The company averred that it had no other property, monies, chattels or effects in its hands belonging to Ward, and knew of no other person indebted to him, and that it had "no monies, rights, chattels or effects in its hands or possession at the time of service of writ of garnishment upon it, or at any time between said periods and the time of making this answer other than as hereinbefore set forth."

On August 16th following, the plaintiff Lumpkin traversed the answer in which he alleged that the rock company owed Ward $5,500.00.   See Sec. 5292, C. G. L., 1927.

On March 20, 1928, Lumpkin obtained judgment against Ward in the sum of $7,186.25, and costs.   A jury on January 28, 1932, upon the issue submitted to it in the garnishment proceeding found against the rock company in the sum of $5,500.00 and interest from July 12, 1926, amounting to $2,439.55, making a total sum of $7,939.55.   Judgment was entered February 18, 1932, against the rock company in favor of Lumpkin.

There had been another trial of the garnishment case in March, 1928, which resulted in a verdict for the plaintiff. A new trial was granted which order was affirmed by this

Court in April, 1931.  See Lumpkin v. Maule Ojus Rock Co., 101 Fla. 64, 133 South. Rep. 344.

The rock company took a writ of error to the judgment in garnishment in February, 1932.  The writ was dated February 19th.

On February 1, 1932, the court made an order extending the time for presenting a motion for a new trial at fifteen days from the rendition of the verdict "and until the 12th day of February, 1932, to file in this court its motion for new trial."  On the 12th day of February the time was attempted to be extended to February 18, 1932.  On the 13th day of February the motion for a new trial was made. On the 18th day of February the motion came on to be heard and the same was denied.

On June 14, 1933, this Court on motion of counsel for defendant in error struck from the record the motion for a new trial.  The motion to strike the bill of execptions however was denied.

The bill of execeptions was deemed not to possess the infirmity of the bill of exceptions in Bunch v. John, 85 Fla. 22, 95 South. Rep. 233.  In that case the bill showed upon its face that it was settled and signed after the term of the court at which the judgment was rendered had adjourned and that no proper order had been made extending the time beyond the term of the court in which to settle and sign a bill of exceptions.  An order was made allowing the defendant fifteen days from the date of the verdict and judgment in which to file and submit for a new trial and an order entered allowing ninety days from the overruling and denying of the motion to present and settle a bill of exceptions.

The court held that no motion for a new trial was legally presented and the court was without jurisdiction to grant

or deny the same, as the order granting time to present a bill of exceptions was conditioned upon the consideration and overruling of a motion for a new trial to be presented to the judge within fifteen days after the rendition of the verdict and as the requirements of the statute were not complied with and no motion for a new trial was legally presented and the term of the court at which the judgment was rendered had closed, it followed that no bill of exceptions could be legally made up, settled and signed within the time required by law.

In the case at bar the verdict in garnishment was rendered on January 28, 1932, and judgment was entered on February 18, 1932. The bill of exceptions was signed April 30, 1932, two months and twelve days afterwards. The term of the court at which the verdict was rendered expired in February, 1932, two months and twenty days before the bill of exceptions was signed, but during the term at which the judgment was entered. That term began February 9, 1932. So it appears that the verdict was rendered during one term and the judgment entered during the term following. The order extending the time for making a motion for a new trial was made within four days after the verdict, but was not presented within the time allowed by law.

So the only difference between the Bunch-Jones case, *supra,* and the instant case on this point is that in the former case the judgment was entered during the term at which the verdict was rendered and in this case the judgment was entered at the term following the rendition of the verdict. As the motion for a new trial was not presented within the time allowed by law under a special order the court had no jurisdiction to grant or deny the motion. See Bunch v.

John, *supra;* Citizens' Bank of Williston v. Williams; 91 Fla. 589, 110 South. Rep. 252.

The question presented was whether any authority existed for the settling and signing of a bill of exceptions during a term following that at which the verdict was rendered. Circuit Court Rule 97 requires a bill of exceptions to be made up and signed "during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed." The special order made in this case draws no virtue to itself by reason of its having been made when the court undertook the consideration of the motion for a new trial because as shown the court had no jurisdicion to grant or deny the motion as it was not presented within the time allowed by law. The term of a court for the purpose of hearing and determining a motion for a new trial is deemed to be extended. The court is regarded as continuing in session until the motion is disposed of. See DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 South. Rep. 205; Lanier v. Shayne, 85 Fla. 212, 95 South. Rep. 617.

That fiction of law however does not exist where no motion for a new trial under a special order extending the time for its presentation is duly presented within the time allowed by law. The court being without jurisdiction to consider it, without jurisdiction to either grant or deny it, the term of the court is not extended, the court cannot be regarded as continuing in session. Therefore the question turns upon the construction of Rule 97, *supra.* What is the meaning of the rule requiring the settling and signing of a bill of exceptions "during the term of the court at which the verdict is rendered or trial had"?

It is the view of the writer that it does not mean a subsequent term to that at which the verdict is rendered. The

term is extended only for considering a motion for a new trial duly presented. The judgment may be entered in vacation. The motion for a new trial, under the statute for an extension of time and an order duly made, may be considered in vacation. In such case the term is extended so that an order may be made when the motion for a new trial is denied granting time in which to settle and sign a bill of exceptions, and whether the judgment is entered before or after that time, the settling of a bill of exceptions is within the contemplation of the rule. But where no motion for a new trial is duly presented, where a motion does not exist in law, the fiction of the extension of the term of the court at which the verdict was rendered or trial had does not exist. The fiction attaches to the duly presented motion for a new trial, not the entry of the judgment which may be entered in vacation after the term at which the verdict was rendered.

It is argued that since a bill of exceptions could not be sued out in a case until a final judgment is rendered there is no necessity to think about getting up a bill of exceptions until the judgment is rendered; that argument is more specious than sound. A bill of exceptions is not necessary to a writ of error. It has nothing to do with a judgment and under the common law rules a bill of exceptions was usually made up and settled before even a verdict was rendered. The bill or bills of exceptions were made up during the progress of the trial. The practice of delaying the making up and settling of a bill of exceptions, the outgrowth of statutes, is a mere concession to the demands of the lawyers whose busy and overburdened offices and sometimes intricate cases require more time to select and compile the exceptions and transcribe the testimony taken during a long drawn out and tedious trial.

In the case of Greeley v. Percival, 21 Fla. 428, a motion
for a new trial was duly made and denied. On motion that
order was vacated and the motion for a new trial continued
and a supersedeas granted. No further proceedings were
had at that term, but at the following term the motion for
a new trial was denied and judgment entered. A bill of
exceptions was made up under an order allowing fifteen
days to prepare it. Mr. Justice RANEY, speaking for the
Court to those facts, said: "It would be a useless labor
for a party to prepare a bill of exceptions before the motion
for a new trial had been passed upon, as it could not be
known whether the bill would be needed until the final
action of the Court on the motion."

Such reasoning is sound on the theory that the fiction
of a continuance or extension of the term at which the
verdict was rendered to the term following or time in vaca-
tion when the duly prepared and presented motion for a
new trial is passed upon attaches to the motion for a new
trial, not to the time or term of court when the judgment
is entered.

The case of Myrck v. Merritt, 21 Fla. 799, has no bearing
upon the question at all.

The case of Rehfield v. Moore, 76 Fla. 378, 80 South.
Rep. 52, holds that an undetermined motion for a new trial
operates to reserve the case and continue the jurisdiction
beyond the term for the purpose of disposing of the motion
for a new trial and settling a bill of exceptions. It is
obvious that a trial is not completed until a duly prepared
motion for a new trial is presented and passed upon, even
though a judgment may have been entered. If no motion
for a new trial is duly presented the trial is complete when
the time fixed by law for presenting a motion expires.

Chapter 12322, Laws of 1927, which purported to amend

Section 2917, R. G. S., 1920, relating to reinstatement of dismissed cases is relied upon to support the proposition that all limitations of the time have been eliminated for the making up and settling of a bill of exceptions. That statute admitting its validity affords no authority for the consideration by this Court of a document to be called a bill of exceptions which has not been "made up and duly authenticated in accordance with one of the several modes of authentication provided by law." The modes of authentication provided by law are the signature of the judge of the trial court or by three disinterested bystanders in case of the judge's refusal to sign, Section 4616, C. G. L., 1927, and Rule 97 of the Rules in Common Law Actions requiring the bill to be signed during the term at which the verdict is rendered or trial had unless by special order further time is allowed.

The provision in Chapter 12322, *supra,* Section 4634, C. G. L., 1927, purporting to authorize this Court to consider the bill of exceptions "notwithstanding it may appear that such bill of exceptions was not *tendered* or *filed in the lower court* within the time *allowed* by *law* or order of the Court, and notwithstanding any other alleged or apparent defect in the procedure by which such bill of exceptions was made up, tendered, filed and authorized" (italics mine), has no relation to the *settlement* and *signing* of the bill, which under the rule must be done during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. The act purports to correct any alleged or apparent defect in the procedure by which a bill of exceptions is settled and authenticated and attempts to authorize the filing of such a document at any time.

A bill of exceptions constitutes part of the procedure by

which an appellate court in the exercise of its appellate jurisdiction may have certified to it questions of law arising *in pais,* matters that are not part of the record proper and it lies properly within the jurisdiction of the appellate court to prescribe the means by which such matters are certified to it, and the matter of prescribing such means is doubtfully within legislative power. That proposition is recognized by the Act itself by the proviso that a bill of exceptions prepared without the formality required by the rules may be considered by the appellate court only when the court is satisfied that such bill of exceptions fairly and truly reflects the matters *in pais* transpiring in the lower court. The rule prescribes the means by which that result may be produced.

I am unable to agree to the reasoning of my colleagues by which they arrive at the conclusion that the judgment should be affirmed. I agree to the conclusion, but upon grounds set forth in this opinion. If, as the majority of my colleagues say, the bill of exceptions in this case was properly made up, settled and signed under the rules of the court and the statutes of the State, it is impossible for me to follow them in the statement "that the verdict found, and judgment rendered, comports with substantial justice between the parties in the premises, and therefore the judgment should not be disturbed for such minor technical errors of procedure as may have occurred at the trial with respect to the admission of evidence and the giving and refusing of charges to the jury."

It is to be regretted that the terms "substantial justice" and "minor technical errors" are not defined. I cannot admit that such errors as the admission of irrelevant but prejudicial evidence against one, such as the admission of oral evidence of a collateral undertaking by the plaintiff in error which was within the statute of frauds, or the refusal

of the court to instruct the jury upon the law of such a transaction when requested so to do, is a minor technical error. One point of defense was that the liability of the company to Ward was contingent and not such a liability as Ward could have enforced until he performed the condition on which the alleged debt arose, therefore the company was not liable to him and was not liable as garnishee for the alleged sum. It was also contended that as the liability of the company to Ward depended upon the admission of a person without authority to speak for the company in that behalf it was error to refuse an instruction to disregard the admissions of such a person on the company's liability. These and other points material and substantial in character were duly presented by the so-called bill of exceptions. I cannot say that "substantial justice" is subserved by denying to a litigant the right to be heard on such questions before the jury, if there is any definite or certain definition of the term.

It is equally illogical to say that the motion to strike the bill of exceptions having once been denied in this case (see Maule Ojus Rock Co. v. Lumpkin, 107 Fla. 263, 144 South. Rep. 405), that such order has become the law of the case, because the term does not apply to a matter of appellate procedure in the same appeal. The phrase, "law of the case," expresses a rule that the *final* judgment of the highest court upon a question of law arising between the parties to an action on a given state of facts, establishes the right of the parties to that controversy and is a final judgment thereof and, like a final judgment in any other case, estops the parties thereto from afterwards questioning its correctness. Klauber v. San Diego Street Car Co., 98 Cal. 105, 32 Pac. Rep. 876.

Another reason for the rule embodied in the phrase, "law

of the case," is there is no legal method, unless especially provided by law, by means of which the judgment of the court of last resort can be reexamined. See 2 Ency. Pl. & Prac. 373.

But a party to a controversy in a cause appealed, which of course must be tried on a duly prepared and authenticated record, can have no rights growing out of a transcript of the record or any part of it which does not conform to the requirements of law for its due and proper authentication, besides the question here presented is not in a second appeal but the order on the motion is in the same appeal and the court still has jurisdiction. The mere fact that the same matter comes on in the same appeal at a second or another term obviously does not affect the question and has no bearing upon it. That the error of the appellate court on the first hearing of the motion has been followed in other cases is no reason for perpetuating the error. Even if such a course is ever justified on questions of substantive law it is utterly beyond any reason that may be conjured up for its justification to apply it to a matter of procedure in the preparation of a transcript of the record for the appellate court.

As for the effectiveness of Chapter 12322, Laws 1927, Section 4634, C. G. L., 1927, to abolish all limitations of time for the making up, settlement and signing of a bill of exceptions, I think that what has been already said herein is a sufficient answer to such a proposition.

I think the court has no authority to consider the so-called bill of exceptions and, as the questions of law set out in the brief of counsel for plaintiff in error arose from matters which may be brought to this Court only by means of a valid bill of exceptions and do not appear from the

record proper, it follows that the judgment should be affirmed.